| | |
|---|---|
| 44 | 305 |
| 92 | 15 |
| 44 | 305 |
| 107 | 564 |
| 44 | 305 |
| s 6NW | 677 |
| 133 | 1608 |

GEORGE HARRIS AND THOMAS WILLIAMS v. THE PEOPLE.

*Burglary—Information—Penalties—Accomplices.*

Burglary is a common law offense and not a statutory crime; but Michigan statutes distinguish between the degrees of punishment for simple and for aggravated burglary. and if all the incidents warranting the severer penalties are not alleged in the information but the offense is stated as at the common law, the smaller punishment only can be ' inflicted.

A common law information for burglary is not bad in alleging that one respondent was armed and another was not.

Whether unarmed participation in an attempt at burglary with another who is armed does not involve all participants in the severer penalties imposed by statute for armed attempts.—Q.

The various breakings resembling burglary and made criminal by Michigan statutes, are distinguishable from the common law offense of burglary, and information therefore must set forth in substance all their statutory elements.

Introducing a knife between the upper and under sash of an outside win-

44 MICH.—20

dow of a dwelling house with the felonious intent to break and enter, is enough to sustain a conviction for an attempt at burglary.

An information, under Comp. L. § 7561, for an attempt to commit burglary by one who was armed, must allege that there was some one lawfully in the dwelling house which he attempted to enter or the allegation that respondent was armed is mere surplusage, and conviction can only be had for the common law offense of burglary.

Error to Recorder's Court of Detroit. Submitted June 22. Decided October 6.

INFORMATION for attempt to commit burglary. Affirmed.

Attorney-General *Otto Kirchner* for the people.

GRAVES, J. The plaintiffs were prosecuted by the same information for a joint attempt at burglary, and were convicted. The burglary was set forth as at common law, but the pleader saw fit to add that Harris was armed and Williams not armed. As we understand the record, it is now contended that, by this means, the information assumed to implead the two as having jointly attempted to commit what, if the attempt had been carried out, must have been a separate and distinct crime by each, and would not have been a single joint offense on the part of both; and the argument is drawn from the regulations in the statute which limit the penalty in case a burglar is armed, etc., to twenty years' imprisonment, and in other cases to fifteen years.

The two provisions, it is said, make two different crimes, and the information, in setting up that one party was armed and the other not, imputed an attempt by each to perpetrate a crime different from that alleged to have been attempted by the other. The point suggests several considerations into which we need not enter. It may be a question whether,

where two make an attempt in concert, and one is actually armed, it will not apply to both. For the purpose of apportioning the punishment, the statute distinguishes between simple burglary and burglary when attended by certain facts which are naturally regarded as increasing its enormity. In case the perpetrator is armed with a dangerous weapon, and there is some one lawfully in the dwelling house, the penalty may be twenty years' imprisonment; but if the circumstances of aggravation are not present the imprisonment cannot exceed fifteen years. Burglary is a common law offense, and not a crime ordained by legislation; and it is a single or identical offense, as it was originally. The statute does not carve it into two. It exposes it to different grades of punishment, according as it may or may not be accompanied by the incidents specified in the statute. It may be laid according to the common law, and without referring to the facts on which the imposition of the higher penalty depends; but in such case the punishment cannot exceed the lesser penalty. The accusation will support nothing more. Where the facts are supposed to warrant it, and the higher penalty·is contemplated, the crime must be described with the attending facts which justify that penalty.

The various breakings resembling burglary which have been declared criminal by 'the legislature, are distinguishable from the ancient offense of the common law. They owe their definition to the statute, and the statute must be consulted to ascertain their ingredients. When they are charged they must be set forth in substance, as in the statute, with all descriptive incidents, whether negative or otherwise. *Koster v. People* 8 Mich. 431; *Byrnes v. People* 37 Mich. 515. Recurring to the objection in the record, and its failure on its own theory is evident. It construes Comp. L. § 7561 as constituting a distinct crime composed of the facts specified therein, and denoted by being described as in the statute; and, proceeding on this foundation, the claim is put forth that when the information said that Harris was armed, it charged him with an attempt to commit the offense in that section, whilst Williams was accused of an attempt to com-

mit the offense in the section following. The premises do not warrant the conclusion. Pursuing the theory contended for, the statement that Harris was armed was not enough to meet the requirements of section 7561. The further fact that there was some person lawfully in the house, was indispensable.

The statement that one was armed and the other not, standing alone and without the other facts belonging with it to constitute the aggravated case described by the statute, is wholly destitute of force. It adds nothing to the essential charge and detracts nothing from it. It is mere surplusage, and the legal effect of the information is to charge the parties with a joint attempt to commit a burglary punishable by not to exceed fifteen years' imprisonment.

It is next objected that the information is bad for want of due certainty in showing that something was done as commencement of a burglary. The averment is that they " feloniously and burglariously to break and enter the said dwelling house, did insert between the upper and under sash of an outside window of said dwelling house a certain instrument, to wit : a knife." We think this is a sufficient allegation to sustain the judgment. It embodies a charge of the beginning of a breaking burglariously with intent to effect a burglarious entry. The specific intent is set up, and along with it and in pursuance of it the direct application of a kind of force which common knowledge recognizes as employable for such ends.

Nothing further is necessary. The judgment is affirmed.

The other Justices concurred.