## PEOPLE *v.* GRIFFITH.

BURGLARY—COMMON-LAW OFFENSE — ENTERING BARN—SPECIAL STATUTE.

One who breaks and enters the barn of another in the night-time, with intent to commit the crime of larceny, may be convicted of the burglary of such person's dwelling house,— both buildings being in the same inclosure,—notwithstanding Act No. 34, Pub. Acts 1899, prescribing a punishment for entering any barn or other outbuilding in the night-time, with intent to commit a felony or larceny.

Error to Van Buren; Carr, J. Submitted April 24, 1903. (Docket No. 173.) Decided June 30, 1903.

George Griffith was convicted of burglary, and sentenced to imprisonment for four years in the State house of correction and reformatory at Ionia. Affirmed.

*O'Hara & O'Hara*, for appellant.

*Charles A. Blair*, Attorney General, and *David Anderson*, Prosecuting Attorney, for the people.

MOORE, J. Respondent was convicted of the offense of burglary. He was sentenced for four years to prison. His counsel, in their brief, say:

"But one question is presented by this record, and that is this: Since the taking effect of Act No. 34, Pub. Acts

1899, can one who is guilty of breaking and entering the barn of another in the night-time, intending to steal therein, be informed against and convicted, over objection, of burglary of that other's dwelling house?"

It is their claim "that the act of 1899 has restricted the common-law offense of burglary to the breaking and entering in the night-time of the actual dwelling house of another, with felonious intent," etc., and that the trial, conviction, and sentence of the respondent cannot be sustained.

The respondent was convicted under an information which charged him with having in the night-time of October 25, 1902, feloniously and burglariously broken and entered the dwelling house of one Warren, with intent to commit the crime of larceny therein. The testimony showed respondent broke into a barn at the time alleged in the information, and stole therefrom several bags of beans. This barn was within an inclosure which surrounded the dwelling house of Mr. Warren as well as his barn. The enactment of the law of 1899 did not do away with the common-law offense of burglary. The principles involved are fully discussed in *Harris* v. *People*, 44 Mich. 305 (6 N. W. 677), and *People* v. *Shaver*, 107 Mich. 562 (65 N. W. 538), and it is sufficient to refer to them.

The judgment is affirmed.

The other Justices concurred.