McCONNELL v. WAYNE CIRCUIT JUDGE.

1. JUDGMENT—ARREST OF JUDGMENT—MOTIONS.

An order extending the time within which a motion in arrest of judgment might be made, where made before judgment was entered, was a nullity; there being at the time no entry in the court journal to which it could apply.[1]

2. SAME.

A party desiring to show cause why judgment should not be entered should do so on the hearing of the motion for judgment.[2]

3. SAME—SPECIAL MOTIONS—NOTICE.

Said order was also invalid because made *ex parte;* Circuit Court Rule No. 15 requiring notice of special motions unless specially permitted by statute or rule.[3]

4. COURTS—JURISDICTION—JUDGES—VACATING JUDGMENT.

Under 3 Comp. Laws 1915, § 12139, a judge of a judicial circuit in which there are three or more judges is without jurisdiction to hear a motion to vacate a judgment entered by another judge in said circuit, in the absence of a showing that said judge is absent from the circuit or unable to sit.[4]

Mandamus by Harold W. McConnell to compel DeWitt H. Merriam, circuit judge of Wayne county, to set aside an order vacating a judgment and execution thereon. Submitted April 21, 1925. (Calendar No. 31,797.) Writ granted May 14, 1925. Rehearing denied July 16, 1925.

*Daskam, Fox & Reid,* for plaintiff.

*Louis Starfield Cohane* and *Regene Freund Cohane,* for defendant.

[1]Judgments, 34 C. J. § 172; [2]Id., 34 C. J. § 181 (Anno); [3]Id., 34 C. J. § 172; [4]Id., 34 C. J. § 448.

SHARPE, J.   Plaintiff brought suit against the Barnard Toy Company for breach of a contract of employment.   A suit involving similar questions was also begun by Harry H. McHenry against the defendant.   When these causes came on for trial before Judge Cross of the 20th circuit, sitting in the Wayne circuit, it was stipulated upon the record that the verdict of the jury in the McHenry case "may be taken by the court as the standard and basis, without the aid of a jury for the entry of a verdict and judgment" in the McConnell case on the basis of $150 for McConnell for every $125 allowed McHenry.   The jury in the McHenry case returned a verdict in his favor in the sum of $2,250 on September 25, 1924. On the basis agreed upon, McConnell was entitled to a verdict and judgment for $2,700.

On September 30th, plaintiff served notice that the court would be asked on October 4th to enter a judgment pursuant to the stipulation.   This motion was held in abeyance until October 17th, when a formal entry of judgment was made.   The record thereof was approved by Judge Cross on October 18th.   On November 11th, execution was issued on the judgment and levy made.   On November 13th, a written application was made to defendant, the then presiding Wayne circuit judge, to vacate the judgment and the execution issued thereon, and an *ex parte* order entered by him pursuant thereto.   Plaintiff thereupon moved to vacate said order.   This motion was denied. We are here asked to compel the granting of such an order.

It appears that while the motion for judgment was held in abeyance an order was made by the presiding judge extending the time "within which a motion in arrest of judgment may be made" to October 28th. Defendant's counsel insist that in view of this order the judgment was improvidently entered.   In our

opinion, the order extending time was a nullity. There was at that time no entry in the court journal to which it could apply.   If the Barnard Toy Company desired to show cause why judgment should not be then entered, it should have done so on the hearing of the motion for  judgment.   Aside from this, the order extending time was made *ex parte*.   The motion was a special one, and orders may not be made on such motions without notice unless specially permitted by statute or rule.   Circuit Court Rule No. 15.

The judicature act contains special provisions affecting the powers and duties of circuit judges in circuits where there are three or more judges (3 Comp. Laws 1915, §§ 12124-12140).   In section 12139 it is provided that—

"no order or decree shall be set aside or vacated except by the judge making the same, unless such judge shall be absent or unable to act."

The judgment herein entered, approved by Judge Cross, was fair upon its face and binding upon the parties unless vacated or set aside.   The defendant was without jurisdiction to hear the motion to vacate it unless it affirmatively appeared that Judge Cross was absent from the circuit or unable to act. *Jageriskey* v. *Kelemen,* 222 Mich. 575.   No such showing was made.   The motion was a special one and, as heretofore stated, notice thereof to the plaintiff was an essential requisite to confer jurisdiction on the defendant to hear it.   No such notice was given.

For these reasons, the order made by defendant vacating the judgment should have been set aside by him on the motion made therefor.   The writ will issue as prayed for, with costs against the Barnard Toy Company.

McDONALD, C. J., and CLARK, BIRD, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.