*In re* GUARANTY INDEMNITY CO.

WATERMAN *v.* AUCH.

1. RECEIVERS—MAY NOT BE SUED WITHOUT LEAVE OF COURT.
   Receiver may not be sued without leave of court appointing him.

2. SAME—COURT NEED NOT CONSULT RECEIVER IN MAKING ORDERS.
   Receiver, being but "an arm of the court" in performance of his duties, need not be consulted by court in making of orders which to it seem just and proper.

3. Same—Notice of Hearing—Court Rules.

   Order permitting receivers to be sued was not void because granted without notice of motion for hearing thereon having been given to them or their attorneys; Michigan Court Rule No. 10 not being applicable to such order.

Appeal from Wayne; Moll (Lester S.), J. Submitted November 17, 1931. (Calendar No. 35,866.) Decided January 4, 1932.

Petition by George W. Auch for permission to sue Cameron B. Waterman and another, receivers of the Guaranty Indemnity Company. From order denying motion to vacate order granting permission to sue for lack of notice, receivers appeal. Appeal dismissed.

*Angell, Turner, Dyer & Meek,* for appellants.

*William J. Harcourt,* for appellee.

Sharpe, J. The circuit court for the county of Wayne, which had entered an order dissolving a corporation and appointing receivers, on petition filed therefor granted permission by order to George W. Auch to sue the receivers, without notice of a motion for the hearing thereof having been given to them or to their attorneys. Leave to appeal therefrom was granted by this court.

Michigan Court Rule No. 10 provides for the filing of special motions and that (section 2):

"Notice of the argument of motions and petitions (except motions for continuance and motions to strike causes from calendar), together with a copy thereof and of the affidavits on which they are based, shall in all cases be served on the opposite attorney at least four days before the time noticed for hearing the same."

Counsel rely upon our holding in *McConnell* v. *Wayne Circuit Judge*, 231 Mich. 184, 186, wherein it was said:

"The motion was a special one, and orders may not be made on such motions without notice, unless specially permitted by statute or rule. Circuit Court Rule No. 15."

This rule was similar to that above referred to.

"A receiver has been defined as an indifferent person between the parties to a cause, appointed by the court to receive and preserve the property or fund in litigation, and receive its rents, issues, and profits, and apply or dispose of them at the direction of the court when it does not seem reasonable that either party should hold them.   *   *   *

"Generally speaking a receiver is not an agent, except of the court appointing him; the very term receiver negatives such an idea. He is merely a ministerial officer of the court, or, as he is sometimes called, the hand or arm of the court. He stands in an indifferent attitude, not representing the plaintiff or the defendant, but really representing the court, and acting under its direction, for the benefit of all the parties in interest. He is a *quasi*-trustee, holding the fund for the benefit of whoever may eventually establish title thereto. His acts and possession are the acts and possession of the court. His contracts and liabilities in contemplation of law are the contracts and liabilities of the court."   23 R. C. L. p. 7.

A receiver cannot be sued without leave of the court appointing him. *Burk* v. *Muskegon Machine & Foundry Co.*, 98 Mich. 614. But, while interested in the preservation of the property which shall come into his hands, he has no official concern as to the parties to whom the proceeds thereof shall be distributed. He is but "an arm of the court" in the

performance of his duties, and need not be consulted by it in the making of orders which seem to it just and proper.

After this order was made, the receivers might have moved the court to set it aside and presented any facts which in their opinion would have warranted such action on its part. But, in our opinion, the court was under no obligation to consult them before making it. The rule relied on is not applicable to such an order. See *Brandimore* v. *Dickens, ante*, 128.

The appeal is dismissed, with costs to appellee.

CLARK, C. J., and McDONALD, POTTER, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.