**Leneal Osborne WATERS, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. 1276.**

Supreme Court of Alaska.

March 25, 1971.

Victor D. Carlson, Public Defender, James D. Gilmore, Asst. Public Defender, Anchorage, for appellant.

Harold W. Tobey, Dist Atty., Anchorage, G. Kent Edwards, Atty. Gen., Juneau, for appellee.

Before BONEY, C. J., and DIMOND, RABINOWITZ, CONNOR and ERWIN, JJ.

## OPINION

RABINOWITZ, Justice.

Leneal Osborne Waters appeals from a 10-year sentence for the crime of selling cocaine in violation of AS 17.10.010.[1]

A two-count indictment was originally returned against appellant under which he was charged with separate sales of cocaine and heroin. A verdict of guilty as to the cocaine transaction was returned. The record further shows that the heroin count was dismissed.[2]

At the time appellant was sentenced upon his conviction for unlawful sale of cocaine, sentence was also imposed upon his plea of guilty to a separate robbery offense. In regard to the drug offense, appellant received the maximum sentence of 10 years together with a concurrent 5-year term of imprisonment upon his conviction of the crime of robbery.[3] In this appeal the issue for determination is whether the 10-year sentence for sale of cocaine is excessive on the particular facts of this record.

In State v. Chaney,[4] we had occasion to discuss the scope of this court's review in sentence appeals, the generalized objectives of sentence review, and the standards of criminal justice which are embodied in Alaska's constitutional mandate, which provides that "[p]enal administration shall be based on the principle of reformation and upon the need of protecting the public."[5] Concerning this court's scope of review in sentence appeals, it was said in *Chaney* that "we will make our own examination of the record and will modify the sentence if we are convinced that the sentencing court was clearly mistaken in imposing the sanction it did."[6]

The presentence report in the case at bar indicates the following: At the time sen-

---

1. We have jurisdiction in such matters by virtue of the provisions of AS 12.55.-120(a) which provides:

   A sentence of imprisonment lawfully imposed by the superior court for a term or for aggregate terms exceeding one year may be appealed to the supreme court by the defendant on the ground that the sentence is excessive. By appealing a sentence under this section, the defendant waives the right to plead that by a revision of the sentence resulting from the appeal he has been twice placed in jeopardy for the same offense.

2. No reason for the dismissal appears in the record which has been provided us in this sentence appeal.

3. AS 11.15.240, Alaska's robbery statute. carries a potential range of imprisonment from 1 to 15 years.

4. 477 P.2d 441 (Alaska 1970).

5. Alaska Const., art. I, § 12.

6. State v. Chaney, 477 P.2d 441, 444 (Alaska 1970) (footnote omitted).

tence was imposed, appellant was 22 years old, had a high school education, was married, and was the father of two young children. His employment record included experience as a carpenter's apprentice, bricklayer's apprentice, mess attendant, warehouseman, and salesman. According to this same report, appellant freely admitted his addiction to drugs. In 1968, appellant was convicted of the felony offense of larceny in a building. While on probation, he committed the unlawful sale of cocaine and robbery offenses involved in this appeal. The latter offense was committed during the time appellant awaited trial on the drug sale charges. In explanation of his commission of the sale of cocaine, appellant stated in part that he

> was strung out on narcotics and had been for approx. *9 months*. Wasn't a pusher but knew where to get the narcotics. The undercover agent had asked me several times before for Dope and I flatly turned him down. But on this particular day I was *sick* myself and didn't have the money for a fix.

Concerning the reasons why he committed robbery, appellant stated in part that:

> I was under strain, my wife was pregnant and sick 2,500 miles away in Portland, Oreg. I tried in every way for them to get money by other means honestly.
>
> \*    \*    \*    \*    \*    \*
>
> \*  \*  \*  I really didn't mean to rob the Travel Lodge and haven't made any robberies since. My true reasons for committing this crime are exactly as I've mentioned before: My wife was sick in Portland and I had to see how she was doing and I was sick here from not having any narcotics in two days and needed the money to get dope and see her.

On the basis of our review of the record and sentencing proceeding in accordance with the standards articulated in State v. Chaney, 477 P.2d 441 (Alaska 1970), we cannot say that the sentencing court was

clearly mistaken in imposing the maximum 10-year sentence in regard to appellant's conviction of unlawful sale of cocaine. Viewed in isolation, we would be inclined to hold that the imposition of the maximum sentence in regard to the drug offense was unjustified in this case, for the record does not reflect that appellant comes within the category of the most serious type of drug offender. The President's Commission on Law Enforcement and Administration of Justice, The Challenge of Crime in a Free Society 513 (Avon 1968) recommends that judges take account of four groups of drug offenders whose crimes are in descending order of seriousness.

1. Smuggling or sale of large quantities of narcotics or possession of large quantities for sale.

2. Smuggling or sale of small quantities of narcotics, or possession of small quantities for sale.

3. Possession of naroctics without intent to sell.

4. Marijuana offenses.

We think these categories are relevant in sentencing of drug offenders. From the record it seems that appellant is neither a titan of the narcotics business nor a mere user; he seems to be an occasional retailer. In sentencing, it should be remembered that the maximum sentence for a particular offense expresses a legislative judgment about how the worst offender within a class designated by the legislature should be treated. Here there is an absence *of foundation for characterization of appellant as the worst type of drug offender.*

Considering the drug conviction alone, we would entertain serious doubts as to the efficacy of a long period of incarceration of appellant for a single violation of our drug laws, particularly where on the record before us it appears that the sale in question was motivated by appellant's own addiction to drugs. Given a single trans-

action involving small quantity of the drug a short period of incarceration, with greater emphasis on probation, is more likely to be an appropriate sentence.

■ On the other hand, the trial court properly considered the fact that appellant was previously convicted of the felony offense of larceny in a building, that while on probation he committed the crime of unlawful sale of cocaine, that while released and awaiting trial on the drug offense he participated in an armed robbery, and that both the drug and robbery offenses were in significant ways induced by appellant's admitted addiction to drugs. Appellant's commission of the robbery and larceny in a building offenses demonstrate that he is a risk to the public. His antisocial behavior indicates that a period of incarceration is called for in arriving at an appropriate sentence in light of the goals of protection of the public, deterrence of the accused and others from engaging in similar criminal conduct, and reaffirmation of societal norms embodying condemnation of robbery and unlawful drug sales.

In view of these factors and the seriousness of the crimes of robbery and unlawful sale of cocaine, we cannot say that the trial court was clearly mistaken in imposing a 10-year sentence for unlawful sale of cocaine and a concurrent 5-year sentence for robbery.[7] Although we have indicated reservations concerning the appropriateness of a 10-year sentence if all that was involved was the appellant's conviction for illegal sale of cocaine, we believe it would be unrealistic to review only the drug offense component of the total sentence which was imposed by the superior court. In the case at bar the sentencing proceeding focused upon the two separate convictions, the prosecution made its recommendation on the basis of the two offenses, and the fact that appellant was being sentenced for both robbery and unlawful sale of cocaine played a controlling role in the trial judge's formulation of the sentences which were imposed.[8] Viewing the totality of the circumstances at the time sentence was pronounced in this case, we hold that the judgment and commitment entered below should be affirmed. In light of the record, we hold that 10-year and 5-year concurrent sentences for robbery and unlawful sale of cocaine were not beyond the "zone of reasonableness." [9]

Given appellant's seeming inability to cope with his problem of drug addiction and his demonstrated danger to the safety of the community at large, it is imperative that necessary medical, psychiatric, and psychological treatment be made available to appellant during any period of incarceration or supervised parole. We therefore assume that the Division of Corrections and the Parole Board are fully cognizant of these reformative needs and will undertake appropriate measures to bring about appellant's early return to the status of a noncriminal member of our society.

■ One other aspect of this appeal remains for comment. The transcript of the sentencing proceedings shows that the trial judge placed perhaps undue emphasis

7. As part of its presentence report in this case, the Division of Corrections concluded that appellant was an extremely poor risk for probation or parole and in the past had exhibited an extremely poor attitude towards probation supervision and law enforcement officials. The Division of Corrections recommended that probation or parole be denied until appellant had served the minimum term of incarceration provided for in cases of unlawful sale of cocaine.

8. In explaining the reason why he sentenced appellant to a 10-year term and a concurrent 5-year term, the trial court emphasized that appellant now had three felony convictions on his record and that if he failed to "shape up" in 10-years' time the prosecutor would attempt to "put you away for life" the next time he committed a felony.

9. Gilmore v. State, 479 P.2d 301, 302 (Alaska 1971).

on the number of appellant's purported police contacts as reflected in an FBI report. There is also an indication that the sentencing judge assumed as an established fact that appellant had sold heroin as charged in the second count of the indictment, even though this count had been dismissed. Sentencing courts should be wary of relying on a record of police "contacts" or an arrest record in determining an appropriate sentence. The dangers inherent in the use of such records and in giving undue weight to such factors should be readily apparent to the trial judge. More obvious is the fact that absent a conviction, an indictment is absolutely no evidence of guilty conduct.

Affirmed.