Joe GALAKTIONOFF, Appellant,

v.

STATE of Alaska, Appellee.

No. 1291.

Supreme Court of Alaska.

July 1, 1971.

James D. Gilmore, Asst. Public Defender, Anchorage, for appellant.

Robert L. Eastaugh, Asst. Dist. Atty., Harold W. Tobey, Dist. Atty., Anchorage, G. Ken Edwards, Atty. Gen., Juneau, for appellee.

Before BONEY, C. J., and DIMOND, RABINOWITZ, CONNOR and ERWIN, JJ.

BONEY, Chief Justice.

On January 14, 1970, the appellant, Joe Galaktionoff, was convicted in the district court of petty larceny in violation of AS 11.20.140. He was sentenced to a term of 365 days, the maximum available sentence under the statute.[1] An appeal was had to the superior court on the ground that the sentence imposed by the district court was excessive.[2] The superior court affirmed the district court, and Galaktionoff has appealed to this court contending that the superior court applied an improper standard on review, and that if a proper standard is applied, the sentence is excessive.[3]

We note that this provision does not specifically provide this court with jurisdiction to hear appeals of sentences imposed by the district courts though such sentences are subject to review by the superior court under AS 22.10.020. However, AS 22.05.010(a) provides that this court has "final appellate jurisdiction in all actions and proceedings" and that "[a]n appeal to the supreme court is a matter of right." In the past, we have construed these provisions as conferring upon this court jurisdiction to hear appeals from decisions of the superior court, regardless of whether the case originated in the superior court or reached there as a district court judgment requiring review. Consistent with our past practice, we grant review in this case under AS 22.05.010(a).

The 365 day period of Galaktionoff's sentence terminated prior to the date of this opinion. Since Galaktionoff is no longer serving the sentence, the present appeal is in a sense moot. However, two important policies dictate against dismissal of this appeal.

---

1. AS 11.20.140 provides in part:
   If the property stolen does not exceed $100 in value, the person, upon conviction, is punishable by imprisonment in a jail for not less than one month nor more than one year, or by a fine of not less than $25 nor more than $100.

2. AS 22.15.240(b) provides in part:
   The defendant may appeal a judgment of conviction given in the district court in a criminal action to the superior court. When the judgment is given on a plea of guilty, no appeal may be taken by the defendant except on the ground that a sentence of imprisonment of 180 days or more was excessive * * *.

3. In 1969 AS 22.05.010 was amended to grant this court sentence appeal jurisdiction. Subdivision (b) provides in part:
   The supreme court has jurisdiction to hear appeals of sentences of imprisonment lawfully imposed by the superior courts on the grounds that the sentence is excessive or too lenient * * *.

The events leading to Galaktionoff's arrest and conviction are not complex. At about 3:20 a. m. on January 14, 1970, Galaktionoff entered O. Kraft & Son, Inc., a store in Kodiak, Alaska, and took one-half gallon of orange sherbet and two packages of cigarettes. Galaktionoff was apprehended less than an hour later in the area of the Kodiak Boat Harbor. An arraignment proceeding was held at 10:10 a. m. that morning before Acting District Judge Gray.

The arraignment proceeding was brief, and Galaktionoff was not represented by counsel. A plea of guilty was entered, and the sentence was imposed almost immediately. Galaktionoff's explanation of the incident or mitigating circumstances was not solicited or heard. Kodiak Police Chief Rhines was asked to explain the circumstances of the crime and to make a sentence recommendation.

Chief Rhines indicated that Galaktionoff was from Unalaska where he had been in a "little bit of trouble". The nature of this trouble was not defined. Chief Rhines stated that Galaktionoff had been arrested twice in Kodiak for incidents involving liquor, but did not indicate that convictions had been obtained. He concluded by saying: "Last night there was liquor involved and because of his age why we didn't want to put a felonious charge against him and we put the smallest charge we could come out of with this whole thing. In lieu of

that we'd recommend one year in jail." Chief Rhines then indicated that Galaktionoff was age 18.

Judge Gray immediately sentenced Galaktionoff to one year in jail, commenting that he was following the recommendation of Chief Rhines. Galaktionoff was not informed of his right to appeal his sentence to the superior court.[4]

On January 28, 1970, Galaktionoff was transferred to Anchorage where the superior court advised him of his right to a sentence appeal, and appointed the public defender to represent him.

On February 6, 1970, Galaktionoff appealed the sentence to the superior court on the ground that it was excessive. On April 22, 1970, the superior court affirmed the sentence of the district court. In rendering his decision, the superior court judge indicated that he was uncertain of the proper standard to be applied on review:

I'm somewhat puzzled by the attitude that this Court should take in handling one of these appeals. Is the District Court judgment presumptively correct as it would be under normal circumstances? Do we handle it then as if the District Court judgment is presumptively correct and as if we do not set aside the judgment as being excessive unless there's something completely out of reason about it? So just how do we handle one of these things?

---

While advisory opinions should generally be avoided, this court may, under the public interest exception to the mootness doctrine, decide important public questions which are capable of repetition while continually evading review. In the Matter of G.M.B., 483 P.2d 1006 (Alaska 1971). The exception is applicable in this case since the relatively short sentences imposed by district courts will normally expire before review may be had in this court. Moreover, as we indicated in State v. Chaney, 477 P.2d 441, 443 (Alaska 1970), the 1969 sentence appeal legislation manifests the legislature's concern with deficient sentencing practices throughout Alaska's entire court system and with the neces-

sity of developing appropriate sentencing criteria. In view of this expressed legislative policy, we feel compelled to decide this case in order to set forth the proper standard for superior court review of district court sentences.

4. *See* n. 2, *supra*, and Dist.Ct.Crim.R. 7 (a), which provides in part:
   (a) *Notification of Right to Appeal Sentence.* At the time of imposition of any sentence of 180 days or more, the judge shall inform the defendant as follows:
   (1) That the sentence may be appealed in the superior court on the ground that it is excessive.

On appeal, both parties concede that the superior court judge chose to apply what was essentially an abuse of discretion standard. Under that standard, the judge concluded that a reversal was not warranted unless the sentence imposed was an unreasonable one. In effect, the superior court judge concluded that the sentence had to be affirmed unless the district judge had acted unreasonably in imposing the sentence.

On appeal Galaktionoff has asserted that the superior court acted improperly in applying an abuse of discretion standard to this sentence appeal, and that under a proper test, the sentence was excessive. This court has never had occasion to define the standard to be applied by the superior court in hearing sentence appeals. However, we do not believe that an extensive analysis is required to ascertain the proper standard and scope of review.

In recent cases, we have set forth the proper standard and scope of review to be applied by this court in reviewing superior court sentences appealed to us pursuant to AS 12.55.120. We believe that it was the intention of the legislature that the superior court apply an identical standard in reviewing sentences appealed to it pursuant to AS 22.15.240(b).[5]

In State v. Chaney,[6] we dealt explicitly with the scope of this court's review in sentence appeals. We hold that in the exercise of its sentence appeal jurisdiction,[7] the superior court's scope of review is to be identical with that exercised by this court under *Chaney*. The application of this standard to the superior court means that when a sentence is appealed to the superior court, the reviewing judge is to make his own examination of the record and he must modify the sentence if he is convinced that the district court was clearly mistaken in imposing the sanction it did.[8]

In *Chaney*, we observed that under the Alaska Constitution, "[p]enal administration shall be based upon the principle of reformation and upon the need for protecting the public".[9] We also noted that the following objectives are included within those standards:

Within the ambit of this constitutional phraseology are found the objectives of rehabilitation of the offender into a noncriminal member of society, isolation of the offender from society to prevent criminal conduct during the period of confinement, deterrence of the offender himself after his release from confinement or other penological treatment, as well as deterrence of other members of the community who might possess tendencies toward criminal conduct similar to that of the offender, and community condemnation of the individual offender, or in other words, reaffirmation of societal norms for the purpose of main-

5. Our conclusion, that the legislature intended this court and the superior court to apply the same standards in exercising sentence appeal jurisdiction, is supported by the fact that the statutes granting review power were passed jointly as SLA 1969, Ch. 117. We also note that the provisions were not distinguished in the House Judiciary Committee Report. *See* Judiciary Comm. Report on House Bill 281, Journal of Alaska House of Representatives at 665 (1969).

6. 477 P.2d 441 (Alaska 1970).

7. AS 22.10.020(a) provides in part:
An appeal to the superior court may be taken on the ground that a sentence

of imprisonment of 180 days or more was excessive and the superior court in the exercise of this jurisdiction has the power to modify the sentence appealed from upward or downward.

8. In State v. Chaney, 477 P.2d 441, 443–444 (Alaska 1970), we said in reference to the scope of this court's sentence review:
When a sentence is appealed, we will make our own examination of the record and will modify the sentence if we are convinced that the sentencing court was clearly mistaken in imposing the sanction it did. (Footnote omitted).

9. Alaska Const., art. I, § 12.

taining respect for the norms themselves. (Footnotes omitted).[10]

■ Having reviewed the proper standard and objectives of review as announced in *Chaney*, it is apparent that the superior court judge committed error in simply applying an abuse of discretion standard to Galaktionoff's sentence appeal. The judge departed from acceptable standards of sentence review in affirming Galaktionoff's sentence without considering the objectives of penal administration in an effort to determine if the district court was clearly mistaken in imposing the sanction it did.

Having determined that an improper standard of review was applied below, we think it is proper to take this opportunity to provide some guidance in the proper application of the *Chaney* standard to this case.

Recent opinions by this court have elaborated somewhat on the proper application of the *Chaney* standard in particular situations. Two of those cases are of considerable relevance to the present case. It must be emphasized that in this case a maximum statutory sentence was affirmed. In reaching that decision, the superior court judge emphasized two factors:

> I start off with the idea, and this is where I may be wrong and want some —want some help on it at some future date, but I start off with the idea that the District Judge saw the party involved. He listened to him. He examined him and should be in a much better position to pass sentence than I am reading merely a cold transcript here. * * I recognize that the man did not plead guilty to larceny in a building or to burglary and yet I can't escape the fact that under the circumstances existing, the circumstances which were available to the District Judge, he was guilty of either larceny in a building or burglary. * * *

It is obvious that the superior court judge placed considerable weight on the trial court's opportunity to observe Galaktionoff at the sentencing proceeding. We have indicated, however, that a trial court's opportunity to observe a defendant at a sentencing proceeding is a fact of little consequence where, as here, a guilty plea has been entered without a trial. This is particularly true in the instant case since Galaktionoff's explanation of the crime was not solicited or heard. Galaktionoff spoke only to state his name, to confirm his age, to indicate he had a copy of the charge, and to state he was guilty.

In Nicholas v. State,[11] we considered the proposition that appellate courts are not in a position to review sentences because they lack the opportunity to observe a defendant's attitude and assess his character. We indicated that this argument is of little merit in the great majority of cases in which a defendant pleads guilty, because the sentencing judge's contact with the defendant is extremely limited in time and scope. In such cases, the sentencing and reviewing courts are in similar positions.[12] Galaktionoff's arraignment provides a clear example of a situation in which a sentencing judge's opportunity to observe a defendant was of little significance; as a result, we do not view the presence of the district judge at the arraignment as a cogent factor on review. This being so, we feel compelled to indicate that in reviewing this case, the superior court judge gave undue influence and consideration to the district judge's opportunity to observe the defendant. In so doing, the reviewing judge failed to make the requisite full and independent examination of the record with a view to determining if the district judge was clearly mistaken in imposing the sanction he did.

■ As his second major factor justifying affirmance, the reviewing judge emphasized his belief that Galaktionoff was

---

10. State v. Chaney, 477 P.2d 441, 444 (Alaska 1970).

11. 477 P.2d 447, 449 n. 6 (Alaska 1970).

12. *Id.*

probably guilty of more serious offenses than the one charged. We do not think that this is a proper consideration in the review of sentences. As we pointed out in Waters v. State:[13]

> There is * * * an indication that the sentencing judge assumed as an established fact that appellant had sold heroin as charged in the second count of the indictment, even though this count had been dismissed. * * * The dangers inherent * * * in giving undue weight to such factors should be readily apparent to the trial judge. More obvious is the fact that absent a conviction an indictment is absolutely no evidence of guilty conduct.[14]

We feel that a reviewing judge's consideration of crimes not even charged is an even more questionable practice than reliance on crimes as to which an indictment was returned and subsequently dismissed. We recognize, of course, that in the circumstances of this case the petty larceny which was committed would support a charge of larceny in a building or burglary not in a dwelling. Nevertheless we feel that such possible greater offenses should not be considered by the reviewing court. Because there was a plea of guilty in this case we do not know what the results might have been if the case had gone to trial on a charge of either the greater or lesser offense. We believe that the more fair approach in reviewing sentences is to treat the case as presenting only the crime of which the defendant has been convicted. Other offenses, for which guilt has not been established, should not be considered. We conclude, therefore, that the superior court judge's estimation of crimes committed but not charged cannot provide support for the affirmance of the sentence.

One final point deserves consideration. It is of significance that the sentence imposed here was the maximum possible sentence under the statute. In *Waters*, we said:

> In sentencing, it should be remembered that the maximum sentence for a particular offense expresses a legislative judgment about how the worst offender within a class designated by the legislature should be treated.[15]

■ In general, maximum sentences should not be imposed without some foundation for characterizing a defendant as the worst type of offender. On the present record, there is an absence of such a foundation. At most, the record indicates that Galaktionoff had once been in a "little bit of trouble" in Unalaska, and had been arrested twice in Kodiak in connection with liquor. However, the record does not reveal that any convictions were obtained. We also note that Galaktionoff was only eighteen years old at the time of this offense, and that the value of the property stolen was small.

■ Given this single transaction, the small value of the property involved, and the lack of previous offenses, we fail to see how, in the circumstances of this case, Galaktionoff could be classified as the worst type of offender. In view of this, we believe that a shorter period of incarceration, with a greater emphasis on probation, would have been a more appropriate sentence.[16]

Even if we consider this case in the manner most favorable to the state, we do not feel that a sentence in excess of six months can be justified in this case. This case is reversed and remanded to the superior court with directions to enter an order

13. 483 P.2d 199 (Alaska 1971).

14. *Id.*, at 203.

15. *Id.*, at 201.

16. We note that Mag.Crim.R. 1(j) provides that in a misdemeanor case, R. Crim.P. 32(c), which relates to pre-sentence investigation, is inapplicable. In indicating our disapproval of the maximum sentence here, we do not intend to imply a necessity for pre-sentence investigation in the district court. We simply emphasize that maximum sentences are to be avoided in the absence of some basis for classifying a defendant as the worst type of offender.

amending the judgment and reducing the sentence imposed to six months.

In the future when the superior court hears sentence appeals, it shall apply a standard and scope of review consistent with the views expressed in this opinion.