**J. Paul JOHNSON, Appellant,**

v.

**STATE of Alaska, Appellee.**

No. 1437.

Supreme Court of Alaska.

Aug. 16, 1971.

———◆———

Herbert D. Soll, Public Defender, Meredith A. Wagstaff, Asst. Public Defender, Anchorage, for appellant.

John E. Havelock, Atty. Gen., Juneau, Stephen Cooper, Dist. Atty., Monroe N. Clayton, Asst. Dist. Atty., Fairbanks, for appellee.

Before BONEY, C. J., and DIMOND, RABINOWITZ, CONNOR, and ERWIN, JJ.

OPINION

PER CURIAM.

Appellant J. Paul Johnson was indicted on two counts of issuing checks without sufficient funds.[1] Johnson pleaded guilty to both offenses. He was sentenced to imprisonment for two years on each count, the terms to run concurrently.[2] Eligibility for parole was left to the discretion of the parole board.

On this appeal is it contended that the sentences were not within a "zone of reasonableness,"[3] and that proper consideration was not given to the important penal objectives of rehabilitation and future deterrence.[4] Our review of the record does not convince us that the superior court was clearly mistaken in imposing this sentence. By the same token, we are satisfied that the sentencing court gave due weight to the objectives of rehabilitation and future deterrence of the accused.

Affirmed.

1. AS 11.20.230 provides:
   A person who, with intent to defraud, makes, draws, utters or delivers to another person a check or draft on a bank or other depository for the payment of money, knowing at the time of the drawing or delivery that he does not have sufficient funds or credit with the bank or depository to meet the check or draft in full upon its presentation is guilty of larceny.

2. The two checks in question here were in the amounts of $535.50 and $200. AS 11.20.240 provides in part:

   A person who violates § 230 of this chapter is punishable as follows:
   *     *     *     *     *
   (2) If the value of the consideration given for the check or draft exceeds $50, he is punishable by imprisonment in the penitentiary for not less than one year nor more than 10 years.

3. Waters v. State, 483 P.2d 199, 202 (Alaska 1971); Gilmore v. State, 479 P.2d 301, 302 (Alaska 1971).

4. State v. Chaney, 477 P.2d 441, 444 (Alaska 1970).