**Robert DONLUN, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. 2188.**

Supreme Court of Alaska.

Oct. 21, 1974.

Herbert D. Soll, Public Defender, Lawrence J. Kulik, Asst. Public Defender, Anchorage, for appellant.

Norman C. Gorsuch, Atty. Gen., Juneau, Joseph D. Balfe, Dist. Atty., Stephen G. Dunning, Asst. Dist. Atty., Anchorage, for appellee.

Before RABINOWITZ, Chief Justice, and CONNOR, ERWIN, BOOCHEVER and FITZGERALD, Justices.

## OPINION

ERWIN, Justice.

On October 19, 1973 appellant, Robert Donlun, was indicted [1] for the offense of burglary in a dwelling in violation of AS

---

1. The indictment charged:
    That on or about the 5th day of August, 1973, at or near Anchorage, in the Third Judicial District, State of Alaska, Robert Dunlum did unlawfully and feloniously break and enter a dwelling house, to-wit: the residence of Ina Arnold located at Bldg. 9 Apt. 1256, S & S Apartments, the breaking and entering being with the intent to steal therein.
    All of which is contrary to and in violation of AS 11.20.080 and against the peace and dignity of the State of Alaska.

11.20.080.[2] He pleaded not guilty and was tried before a jury in the superior court in the latter part of January, 1974.

At the trial and in subsequent proceedings, it was established that in the early morning hours of August 5, 1973, appellant entered the apartment of a sleeping neighbor in the S & S Apartments located in Anchorage, Alaska, through a door that had been left partially open for ventilation. While in the apartment he moved from room to room occupied by sleeping occupants, stealing a portable television set, an iron, two cigarette lighters, and approximately $33 in cash. The theft was reported later that morning after the neighbor awoke and discovered that items were missing.

Shortly thereafter, appellant attempted to sell the television set to another neighbor in the S & S Apartments. The neighbor indicated that she was interested but wished to try out the set before purchasing it. While in the neighbor's apartment the set was identified by an occupant of the burglarized apartment and a demand for return of the stolen property was made to appellant. When confronted with the demand, appellant produced all of the missing property with the exception of the cash and made certain damaging admissions indicating that it was he who had taken the missing property.

Appellant is a 21-year-old native youth who lives with his unemployed mother in the S & S Apartments in Anchorage. He dropped out of school at age 15 and since then has failed to either maintain steady employment or attempt to complete his schooling. Appellant has had a history of alcohol abuse since age 12, but, prior to the time of sentencing, had been making excellent progress in an alcohol rehabilitation program.

A verdict of guilty was returned by the jury and a judgment of conviction was entered on March 12, 1974. A sentencing hearing was held before the trial judge later that same day. Following arguments by both parties, appellant received a sentence of 10 years with 4 years suspended. The terms of the sentence provided that appellant was not eligible for parole until he had served at least 2 years of his sentence.

In imposing the sentence, the court stated that it was considering the fact that the burglarized dwelling was occupied and that the offense occurred at night. Appellant's attorney objected to the court's consideration of these facts, arguing that since burglary of an occupied dwelling or burglary of a dwelling at night, which carry maximum sentences of 20 and 15 years, respectively, had not been charged in the indictment, appellant's sentence could be for no more than 10 years, the maximum permitted for burglary of an unoccupied dwelling not at night. He then went on to argue that imposition of the maximum 10-year sentence was excessive in view of appellant's prior record, youth, and progress toward solving his drinking problem.

■ We agree with appellant's contention that where a criminal statute provides for graded or enhanced ranges of punishments for aggravated instances of the proscribed offense, an indictment charging the offense must specify the aggravating facts before the defendant can be exposed to an increased range of punishment. Burglary at night and occupancy of the burglarized dwelling must be alleged in the complaint or indictment before a defendant can be

2. AS 11.20.080 provides:
*Burglary in dwelling house.* A person who breaks and enters a dwelling house with intent to commit a crime in it, or having entered with that intent, breaks a dwelling house or is armed with a dangerous weapon in it, or assaults a person lawfully in it is guilty of burglary, and upon conviction is punishable by imprisonment in the penitentiary for not less than one year nor more than 10 years. However, if the burglary is committed at nighttime, it is punishable by imprisonment for not less than one year nor more than 15 years. If a human being is within the dwelling at the time of the burglary during the nighttime or daytime, it is punishable by imprisonment for not less than one year nor more than 20 years.

exposed to the 15 and 20 year enhanced maximum sentences of AS 11.20.080.

We are not unmindful of the rule that where a statute proscribes a single offense and commits a single range of sentences to the discretion of the sentencing court, aggravating facts warranting sentences in the upper spectrum of the range need not be set forth in the complaint or indictment. Unlike such a statute, however, AS 11.20.080 sets forth not one but three ranges of sentences. The statute provides for sentences ranging from 1 to 10 years for a simple burglary in a dwelling, 1 to 15 years if the burglary occurred at night, and 1 to 20 years if the burglarized dwelling was occupied at the time of the offense. The particular range of sentences to be applied in any given situation thus depends not upon the discretion of the sentencing court but rather upon the existence of particular aggravating facts set forth in the statute. We believe that if a defendant is to be afforded a fair opportunity to defend against a burglary charge involving aggravating circumstances, such circumstances must be set forth in the indictment, information, or complaint and proven at trial. If they are not, the maximum sentence prescribed by the aggravated circumstances may not be considered in sentencing the defendant.[3]

In this case the record reveals that, despite the fact that the aggravated fact of occupancy was not alleged in the indictment, appellant was nevertheless exposed to the larger range of sentences—1 to 20 years—permitted for the offense of burglary of an occupied dwelling.[4] The fact that the sentence did not exceed the maximum allowed for burglary of an unoccupied dwelling not at night—10 years—is of no consequence, for if the sentencing court had believed 10 years, rather than 20 years, to be the maximum possible sentence, it might well have imposed a more lenient sentence.[5] We therefore believe that appellant should be resentenced.

Since we have concluded that appellant should be resentenced, we need not address ourselves in detail to appellant's second contention, that the 10-year sentence—the maximum permitted for the offense for which appellant was indicted and convicted—was excessive under the facts and circumstances of this case. We nevertheless take this opportunity to re-emphasize our view that the maximum sentence for a

---

3. The weight of authority appears to support this position. In overturning a sentence under a burglary statute making the offense more severely punishable when the offender was armed and the dwelling was occupied, the Michigan Supreme Court stated:

> Burglary is a common-law offence, and not a crime ordained by legislation; . . . it is a single or identical offence, as it was originally. The statute does not carve it into two. It exposes it to different grades of punishment, according as it may or may not be accompanied by the incidents specified in the statute. It may be laid according to the common law, and without referring to the facts on which the imposition of the higher penalty depends; but in such case the punishment cannot exceed the lesser penalty. The accusation will support nothing more. Where the facts are supposed to warrant it, and the higher penalty is contemplated, the crime must be described with the attending facts which justify that penalty.

Harris v. People, 44 Mich. 305, 6 N.W. 677, 678 (1880). Schwabacher v. People, 165 Ill.

618, 46 N.E. 809 (1897); McConnell v. Merriam, 231 Mich. 184, 203 N.W. 661 (1925); 4 F. Wharton, Criminal Law and Procedure § 1788, at 610 (12 ed. R. Anderson 1957); Annot., 125 A.L.R. 605 (1940). Compare Bell v. State, 136 Me. 322, 9 A.2d 129 (1939).

4. The transcript of the sentencing hearing reveals that the sentencing judge believed that he was sentencing appellant in the "lower spectrum" rather than the "upper spectrum" of the permissible range. Since a 10-year sentence is the maximum permitted for burglary of an unoccupied dwelling during daylight hours, it is apparent that the judge was considering either the 1- to 15-year range of sentences for burglary of a dwelling at night or the 1- to 20-year range for burglary of an occupied dwelling. The judge's emphasis on the 20-year maximum sentence of the latter range leads us to believe that he was sentencing appellant for the offense of burglary of an occupied dwelling.

5. The same reasoning applies, of course, to the exposure of appellant to the 15-year maximum sentence for burglary of an unoccupied dwelling at night.

crime should generally be imposed only upon the worst type of offender:

> In sentencing, it should be remembered that the maximum sentence for a particular offense expresses a legislative judgment about how the worst offender within a class designated by the legislature should be treated.[6]

> In general, maximum sentences should not be imposed without some foundation for characterizing a defendant as the worst type of offender.[7]

Appellant is not the type one would characterize as the worst type of offender. For example, the presentence report reveals: (1) that this burglary was appellant's first felony conviction and he had been convicted of two misdemeanor offenses;[8] (2) appellant was only 21 years of age at the time of the offense; (3) that, when confronted by his accusers, appellant voluntarily returned the stolen property and admitted the crime; and (4) that at the time of the trial, appellant was reported to be making excellent progress in an alcoholic treatment program and demonstrated a willingness to continue.

The American Bar Association has stated that in the vast majority of cases prison sentences are significantly higher than are needed to adequately protect the interests of the public and that, except for cases involving *particularly* serious offenses, dangerous offenders and professional criminals, maximum prison terms ought not to exceed 5 years. We agree.[9]

Remanded to the superior court for resentencing in conformity with this opinion.

RABINOWITZ, C. J., concurs.

RABINOWITZ, Chief Justice (concurring).

Although I am in agreement with the majority's conclusion that this matter should be remanded for resentencing, my grounds differ from that held by the majority. For I am of the view that the 10-year sentence imposed upon Robert Donlun is an excessive sentence. I reach this conclusion assuming arguendo that the sentencing court held the belief that 10 years was a maximum permissible period of incarceration.

Nothing in the factual circumstances pertaining to Donlun's commission of the offense of burglary in a dwelling, in his previous record, or in the presentence report is supportive of imposition of a maximum sentence. As the majority opinion points out, Donlun cannot be classified as coming within the worst offender class in this category of burglary. Galaktionoff v. State, 486 P.2d 919, 924 (Alaska 1971); Waters v. State, 483 P.2d 199, 201 (Alaska 1971). Thus, I would hold that the sentence imposed by the superior court is excessive and would remand for resentencing in the light of sentencing criteria this court has articulated in State v. Chaney, 477 P.2d 441 (Alaska 1970), and its progeny.

---

6. Waters v. State, 483 P.2d 199, 201 (Alaska 1971).

7. Galaktionoff v. State, 486 P.2d 919, 924 (Alaska 1971).

8. The presentence report reveals that, prior to the instant case, appellant's record consisted of convictions in only two traffic-related cases.

9. A.B.A. Standards. Sentencing Alternatives and Procedures § 2.1, at 13–14 (Approved Draft 1968). See Torres v. State, 521 P.2d 386 (Alaska 1974); Peterson v. State, 487 P.2d 682 (Alaska 1971).