**William Michael SPEARMAN, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. 2520.**

Supreme Court of Alaska.

Dec. 1, 1975.

Ben Esch and George A. Dickson, Anchorage, for appellant.

Stephen G. Dunning, Asst. Dist. Atty., Joseph D. Balfe, Dist. Atty., Anchorage, Avrum M. Gross, Atty. Gen., Juneau, for appellee.

Before BOOCHEVER, Chief Justice, and RABINOWITZ, CONNOR, ERWIN and BURKE, Justices.

OPINION

RABINOWITZ, Justice.

In this sentence appeal William Spearman contends that the superior court's ten-year sentence, with three years suspended, for the crime of attempted manslaughter is an excessive sentence.

Earlier this year a five-count indictment was returned against appellant. In this indictment Spearman was charged with the crimes of fourth degree arson, attempted malicious destruction of personal property, attempted murder in the first degree, burglary not in a dwelling, and attempted injury to a building. As a result of charge bargaining between Spearman's counsel and counsel for the prosecution, Spearman entered a plea of nolo contendere to the lesser included offense of attempted manslaughter.[1]

After a psychiatric study and evaluation, a presentence investigation and report and

---

1. AS 11.15.040 provides in part: ". . . a person who unlawfully kills another is guilty of manslaughter, and is punishable by imprisonment in the penitentiary for not less than one year nor more than 20." Concerning the punishment for attempt, AS 11.05.020 reads in part: "A person who attempts to commit a crime . . . upon conviction is punishable as follows.

(1) If the crime attempted is punishable by imprisonment in the penitentiary or state jail, the punishment for the attempt is by the same imprisonment, as the case may be, for a term not more than half the longest period prescribed as a punishment for the crime. . . ."

Upon Spearman's entry of the nolo contendere plea, the state dismissed the arson, malicious destruction, burglary, and attempted injury to building counts of the indictment.

a sentence hearing, the superior court imposed a ten-year sentence, suspending three years of the sentence and placing Spearman on probation during those three years.

Spearman has launched essentially two lines of attack on the superior court's sentence. First, Spearman points to *Donlun v. State*, 527 P.2d 472, 475 (Alaska 1974), where Justice Erwin, writing for this court, stated:

> The American Bar Association has stated that in the vast majority of cases prison sentences are significantly higher than are needed to adequately protect the interests of the public and that, except for cases involving *particularly* serious offenses, dangerous offenders and professional criminals, maximum prison terms ought not to exceed 5 years. We agree. (footnotes omitted).

Taking *Donlun* as his point of departure, Spearman asserts that the record does not support the conclusion that he is a professional criminal, or a dangerous offender, or that the offense of attempted manslaughter is a "particularly serious" offense.[2]

Spearman's second line of attack is that even if the record can be read as supportive of a "dangerous offender" characterization, he is not deserving of a maximum sentence since he cannot be classified as the "worst type of offender." Spearman's second argument is derived from *Waters v. State*, 483 P.2d 199, 201 (Alaska 1971), where this court said:

> In sentencing, it should be remembered that the maximum sentence for a partic-

ular offense expresses a legislative judgment about how the worst offender within a class designated by the legislature should be treated.[3]

Study of the record in this case, and our applicable precedents, has convinced us that the superior court was not "clearly mistaken"[4] in imposing a ten-year sentence with three years suspended. Our reasons for concluding that the sentence is not excessive are based upon an analysis of William Spearman's background and the particular factual situation surrounding the crime of attempted manslaughter.

Turning first to William Spearman's life, the record discloses the following. At the time of sentencing, Spearman was thirty-two years of age, having been born in Brooklyn, New York. When eleven months old, Spearman's father was killed in action during World War II. His mother, not being able to provide for him, gave Spearman to an aunt and uncle who lived in Brownsville, Pennsylvania. Upon completion of high school, Spearman enlisted in the United States Army. In 1962, after serving two years, Spearman received an undesirable discharge because of a civilian conviction of a felony, namely, aggravated assault and robbery.[5] The presentence report also indicates that Spearman was subsequently sentenced, in 1967, to a one to ten-year term of imprisonment for possession of marijuana.[6] The report acknowledges that Spearman is a "fairly intelligent individual" and a skilled mechanic who should have no problem gain-

---

2. In arguing that the crime of attempted manslaughter is not a particularly serious offense, Spearman cites the commentary to § 2.1 of the A.B.A. Standards, Sentencing Alternatives and Procedures, p. 61 (Approved Draft 1968). Since the A.B.A. Advisory Committee in its commentary offer only armed robbery and murder as examples of particularly serious offenses, Spearman concludes that attempted manslaughter is not encompassed within the term "particularly serious offenses."

3. *See also Donlun v. State*, 527 P.2d 472, 474–75 (Alaska 1974); *Tarnef v. State*, 492

P.2d 109, 118 (Alaska 1971); *Galaktionoff v. State*, 486 P.2d 919, 924 (Alaska 1971).

4. *McClain v. State*, 519 P.2d 811, 813–14 (Alaska 1974).

5. Upon his conviction of the crime of aggravated assault and robbery, Spearman received a three-year sentence.

6. According to the presentence report, Spearman served two years in San Quentin Penitentiary on the marijuana possession conviction before receiving his release.

ing employment. In recommending against probation for Spearman in the instant case, the Probation-Parole Officer, who conducted the presentence investigation and authored the presentence report, also recommended that while incarcerated Spearman be "referred to psychiatric treatment for possible mental disorders." [7]

Concerning the factual circumstances of the attempted manslaughter, the record we have reveals the following. In the early morning hours of August 12, 1974, William Spearman placed in a building directly adjacent to Papa Joe's Night Club, in Anchorage, an explosive device consisting of four sticks of 40 percent dynamite, complete with blasting caps. At the same time, he also spread a considerable amount of gasoline on the inside floor of the storage garage. An on-duty bartender at Papa Joe's smelled the gasoline, and while investigating the rear of the building found Spearman near the terminus of wires which were connected to the explosives. At the time the bartender detected the presence of spilled gasoline and observed Spearman in the rear of the building, there were approximately forty patrons in Papa Joe's.

If the explosives had been detonated, the force of the blast would have blown a hole in the wall nearest the storage room of Papa Joe's.[8] In addition, the blast would have reacted with the spilled gasoline to create a fireball which would have in turn set off the vast quantity of alcohol stored in Papa Joe's.[9]

At the sentencing hearing, Spearman testified that his actions on the morning in question were "reckless" but that he had "no intent to hurt anyone or to commit bodily harm to anyone." More specifically, Spearman stated that his intention was to hurt Hollie McGinnis' liquor supply.[10] Alluding to Spearman's gross, wanton, and wilful disregard of human life and safety, the prosecution recommended that Spearman receive the maximum period of incarceration.

At the conclusion of the sentencing proceeding, the superior court noted that " . . . this is the first instance where dynamite and gasoline, and detonators have been placed in a building in close proximity where people are known to visit and be present." The trial court made the further observation that the circumstances of the case presented " . . . the most aggravated set of facts that I could realize." [11] In

---

7. The Report of Psychiatric Examination in this case states, in part, that:

Mr. Spearman is bright and appears intermittently to have good insight into his problems, and it appears that his judgment is also spotty and intermittent. This latter has been the pattern of his whole adult life. . . . I would feel that he should be given therapy whether in or out of custody in order to try to deal with his impulsivity and his poor judgment. I would also feel that he would also respond quite well to a specific training program within the jail setting and also to a specific probation after any jail time. I feel that this period of probation should be fairly extended in order to proceed from some external controls when the internal ones seem to falter.

8. This wall also served as the back inside wall of Papa Joe's.

9. Attached to the storage garage but some distance from the explosives was a house

trailer. The evidence presented at the sentencing hearing further indicated that the door of the storage garage would have been blown off and the trailer would probably have been set on fire.

10. Spearman had been a member of the Brothers, a motorcycle group. Through frequent visits to Papa Joe's, he had become friendly with Hollie McGinnis, a bartender and silent partner. Trouble subsequently developed between the Brothers and McGinnis and as a result, the Brothers were barred from Papa Joe's.

11. Concerning Spearman's previous criminal record, the sentencing judge remarked, "And I don't really . . . I realize that I don't attach much significance to the marijuana and getting 2 years to serve for a small amount, if those are the facts, that's unfortunate; but then you have the aggravated assault and robbery although I admit that's over 10 years—more than 10 years ago."

concluding his sentence remarks, the trial court informed Spearman that "I'm not going to give you the maximum sentence. I'm going to sentence you to 10 years with 7 years to serve and in my judgment I think that's an appropriate sentence and I do it with some reluctance."

■ We now turn to Spearman's argument, based on *Donlun v. State*, 527 P.2d 472, 475 (Alaska 1974), that the sentence in the instant case should not have exceeded five years because he is neither a professional criminal nor a dangerous offender, nor is the crime of attempted manslaughter a particularly serious offense. In our opinion, Spearman's contention fails in two respects. In view of the extraordinarily high risks to numerous lives and property involved in Spearman's criminal use of explosives and incendiaries, we have little difficulty in concluding that, in the factual context of this case, Spearman committed a particularly serious offense and can be characterized as a dangerous offender.[12] Thus, we conclude that Spearman's reliance upon *Donlun* is misplaced in that application of its criteria to the facts of the instant case does not compel the conclusion that the sentence is excessive.

■ This brings us to Spearman's remaining legal argument. Here Spearman contends that even if he can be considered a dangerous offender under *Donlun*, he is not deserving of the maximum term of imprisonment because he is not subject to

being classified as the worst type of offender.[13] We think that Spearman's reliance upon *Waters* is inapposite for the following reasons.

Initially we observe that the superior court specifically informed Spearman that he was not imposing the maximum period of incarceration. The sentence which was actually entered is not the maximum sentence.[14] Further, we note that the statement in *Waters* to the effect that maximum sentences should usually be given to the worst offender " . . . does not preclude the sentencing judge from considering a variety of factors which make a defendant a 'particularly difficult type of offender.' "[15] Here, assuming arguendo the applicability of *Waters*, in light of Spearman's past conviction of aggravated assault and robbery and his consequent undesirable military discharge, the presentence report's recommendation, and the actual facts surrounding Spearman's attempt to blow up a portion of Papa Joe's during a time when numerous persons were on the premises, we are of the belief that compelling evidence is present in this record which would justify characterization of Spearman as the "worst type of offender."

We thus hold that the superior court was not clearly mistaken in sentencing Spearman to ten years' imprisonment with three years suspended.

The sentence is affirmed.

12. In concluding that Spearman is a dangerous offender, we have taken into consideration his background as well as the extraordinarily serious antisocial conduct involved in his attempted demolition of Papa Joe's.

13. *Waters v. State*, 483 P.2d 199, 201 (Alaska 1971).

14. The maximum permissible period of incarceration for attempted manslaughter is

ten years. As noted earlier, Spearman was sentenced to ten years with three years suspended and was placed on probation during the three-year period of suspension.

15. *Whitton v. State*, 533 P.2d 266, 269 (Alaska quoting from *Tarnef v. State*, 492 P.2d 109, 118 (Alaska 1971).