**STATE of Alaska, Appellant,**

v.

**John M. COUCH, Appellee.**

**No. A–7069.**

Court of Appeals of Alaska.

Nov. 19, 1999.

Timothy W. Terrell, Assistant Attorney General, Anchorage, and Bruce M. Botelho, Attorney General, Juneau, for Appellant.

No appearance for Appellee.

Before COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

## OPINION

COATS, J.

John M. Couch was incarcerated on the felony offenses of driving while intoxicated and failure to remain and render assistance at an injury accident.[1] He applied to the superior court for a temporary release so that he could visit his grandfather who was dying of cancer in Idaho. Couch relied on Criminal Rule 35(b)(1) which provides that "[t]he court may modify or reduce a sentence within 180 days of the distribution of the written judgment ...." Although Couch was beyond the 180-day period set forth in the rule, he argued that the superior court had the authority to relax the time limitation under Criminal Rule 53.[2] Superior Court Judge Pro Tempore Mark I. Wood granted the temporary release. The state appeals from this decision, arguing that the superior court abused its discretion in granting this release. The state argues that the authority to grant prisoners such as Couch a temporary release lies with the Department of Corrections rather than the court. We agree with the state and conclude that the superior court abused its discretion in releasing Couch.

The state concedes that the issue of whether Couch should be released is moot. Couch completed his release and returned to confinement. Generally, we do not resolve cases which are moot. But the state urges us to find that this case falls within an exception to the rule that we do not decide moot cases, "that this case presents an important question of public interest that is capable of repetition and might repeatedly circumvent review ...."[3] In its brief, the state has set out several examples where trial courts have granted temporary releases similar to the temporary release which the superior court granted to Couch. The state makes a persuasive case that this practice is ongoing and will otherwise evade appellate review. We conclude that it is appropriate for us to address the issue raised despite its technical mootness.[4]

The reasoning in two cases, *State v. Tinsley*[5] and *State v. Ambrose*[6] leads us to the

---

1. AS 28.35.030(a)(1), AS 28.35.030(n), AS 28.35.060(a) and (c).

2. Criminal Rule 53 provides:
   These rules are designed to facilitate business and advance justice. They may be relaxed or dispensed with by the court in any case where it shall be manifest to the court that a strict adherence to them will work injustice.

3. *State v. Ambrose*, 758 P.2d 639, 641 n. 2 (Alaska App.1988).

4. *Id.*

5. 928 P.2d 1220 (Alaska App.1996).

6. 758 P.2d 639 (Alaska App.1988).

conclusion that the court did not have the authority to grant Couch's temporary release from confinement. In *Tinsley*, we discussed a former version of Criminal Rule 35(b).[7] In *Tinsley*, the sentencing judge originally imposed a sentence of three years of imprisonment with one year suspended for a conviction of first-degree weapons misconduct.[8] After serving his sentence, and almost seven years after his original sentencing, Tinsley filed a motion to modify his sentence under the former version of Criminal Rule 35(b).[9] Tinsley argued that the superior court should modify his sentence because he had achieved rehabilitation.[10] He argued that the time limit in the rule was too short for him to demonstrate rehabilitation and asked the superior court to relax the time limit under Criminal Rule 53.[11] The superior court judge accepted Tinsley's argument and modified Tinsley's sentence to a suspended imposition of sentence and, based upon Tinsley's successful service of his probation, set Tinsley's conviction aside.[12] The state appealed to this court and we reversed the superior court's decision, concluding that the superior court judge "abused his discretion when he relaxed the time limit of Criminal Rule [35(b)]."[13]

In *Tinsley*, we discussed the purpose of Criminal Rule 35(b). We stated that the rule was designed to give a trial judge a specific limited time to modify a sentence:

> The rule ... allows a sentencing judge a specific period of time to reconsider and

potentially reduce a criminal sentence. This authority can be exercised even when there is no reason to reduce the sentence other than the judge's decision to reconsider and show mercy. But the time limit in Rule [35(b)] exists for a reason. Even after the promulgation of Criminal Rule [35(b)], the general rule under Alaska law is that a sentencing court does not have the power to retain jurisdiction over a criminal case in order to modify the defendant's sentence in the future.[14]

In *Tinsley*, we concluded that using Criminal Rule 53 to relax the former version of Criminal Rule 35(b)'s time limit would undermine the purpose of the rule.[15] We concluded that it was inappropriate to allow a trial judge "nearly boundless continuing authority to reduce a defendant's sentence—or, as in Tinsley's case, to retroactively suspend imposition of sentence and then set aside the defendant's conviction—upon a showing that the defendant has been rehabilitated."[16]

In *State v. Ambrose*,[17] a prisoner applied to the court for a temporary release so that he could attend a funeral potlatch for his brother and sister. He applied to the court under a former court rule which provided that the court "may modify or reduce a sentence at any time during a term of imprisonment if it finds that conditions or circumstances have changed since the original sentencing hearing such that the purposes of the original sentence are not being fulfilled."[18] The court ordered Ambrose released to attend

---

7. 928 P.2d at 1222 n. 1 (at that time, current Criminal Rule 35(b) was designated as Criminal Rule 35(a)). In the text of this case, when *State v. Tinsley* refers to the former rule, we will change the language in *Tinsley* to refer to Criminal Rule 35(b).

8. *Id.* at 1221 (the defendant was convicted under former rule AS 11.61.200(a)).

9. *Id.* at 1222.

10. *Id.* at 1221–22.

11. *Id.* at 1222 (the time limit under the former rule was 120 days).

12. *Id.*

13. *Id.* at 1224.

14. *Id.* at 1223 (citations omitted).

15. *Id.*

16. *Id.*

17. 758 P.2d 639 (Alaska App.1988).

18. *Id.* at 641. At the time Ambrose applied for temporary release, this rule was designated as Criminal Rule 35(b).

the funeral potlatch.[19] The state appealed from this order and we reversed.[20] We concluded that the Department of Corrections, not the courts, had the authority to release prisoners for periods of short duration on furloughs to meet the prisoners' needs and well-being:

> We do not mean to imply any insensitivity to or disrespect for Ambrose's religious beliefs, and we recognize that the opportunity to attend the funeral potlatch was undoubtedly a matter of tremendous personal importance to Ambrose. Nevertheless, as the state correctly observes, the day-to-day management of prisoners is properly within the purview of the Department of Corrections, and it is generally the Department's responsibility to assure that a prisoner's needs and well-being are provided for. In this regard, the Department of Corrections has the authority to release prisoners on furloughs of short duration. The Department has adopted regulations to implement its statutory authority. Ambrose has asserted no legal challenge to the adequacy of these regulations. Criminal Rule 35(b) does not authorize the sentencing court to invade the authority that is properly vested in the executive branch of government. This is precisely what the superior court appears to have done in the present case.[21]

We reversed the superior court's order granting Ambrose's temporary release.

Our decisions in *Tinsley* and *Ambrose* foreshadow our conclusion in Couch's case. Criminal Rule 35(b) is designed to allow a sentencing judge to reconsider and potentially reduce a criminal sentence for a limited period of time. It is not designed to work in conjunction with Criminal Rule 53 to allow a sentencing judge an unlimited period of time to modify a sentence. It is also not designed to allow a trial judge to grant a furlough to a prisoner. Such furloughs are within the authority of the Department of Corrections, not the courts. We accordingly conclude that Judge Wood erred in using Criminal Rule 35(b) to grant Couch's furlough.

The order entered by the superior court is REVERSED.

---

19. *Id.*

20. *Id.* at 639.

21. *Id.* at 643 (citations omitted).