STATE of Alaska, Petitioner,

v.

Maureen Alice MALLOY, Respondent.

No. S–9754.

Supreme Court of Alaska.

May 3, 2002.

Nancy R. Simel, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Bruce M. Botelho, Attorney General, Juneau, for Petitioner.

Dan S. Bair, Anchorage, for Respondent.

Before: FABE, Chief Justice, MATTHEWS, EASTAUGH, BRYNER, and CARPENETI, Justices.

*OPINION*

BRYNER, Justice.

## I. INTRODUCTION

Under AS 12.55.125(a)(3), a defendant convicted of first-degree murder must receive an unsuspended term of ninety-nine years without eligibility for parole if the sentencing court "finds by clear and convincing evidence that the defendant subjected the murder victim to substantial physical torture." Does this statute impermissibly subject the defendant to increased punishment for an aggravated class of first-degree murder that has not been proved beyond a reasonable doubt to the jury? Because the statute's mandatory sentence falls within the range otherwise authorized for first-degree murder, we hold that AS 12.55.125(a)(3) does not define a new, aggravated class of first-degree murder, but simply imposes a permissible limit on the court's usual sentencing discretion.

## II. FACTS AND PROCEEDINGS

A jury convicted Maureen Alice Malloy of first-degree murder, kidnapping, and tampering with evidence.[1] Before sentencing, the state gave notice that it would seek a sentence under AS 12.55.125(a)(3); this statute requires the court to impose a maximum, unsuspended term of ninety-nine years when it finds by clear and convincing evidence that a defendant convicted of first-degree murder subjected the victim to substantial physical torture.

In response to the state's notice, Malloy challenged the statute as unconstitutional because it did not require the state to charge the statutorily specified aggravating circumstance—substantial physical torture—as an element of the offense or to prove it beyond a reasonable doubt to the jury.

Superior Court Judge Elaine M. Andrews rejected Malloy's constitutional challenge and, after finding by clear and convincing evidence that Malloy had subjected her victim to substantial physical torture, imposed the mandatory sentence under AS 12.55.125(a)(3): a term of ninety-nine years' imprisonment without eligibility for discretionary parole.[2] Despite the mandatory nature of the sentence, Judge Andrews noted that she would have sentenced Malloy to the maximum term for murder even if subparagraph .125(a)(3) had not made it mandatory; Judge Andrews further emphasized that, in her view, Malloy deserved a life sentence without possibility of parole.

Malloy appealed, and the court of appeals affirmed her convictions and sentences except for the sentencing provision that made Malloy ineligible for discretionary parole until she completed serving her term for first-

---

1. The underlying facts of Malloy's offenses are exceptionally brutal but are not relevant here; they are summarized in *Malloy v. State*, 1 P.3d 1266, 1269 (Alaska App.2000).

2. Judge Andrews also sentenced Malloy to a term of ninety-nine years for kidnapping, made sixty years of that term consecutive to the term for murder, and imposed a concurrent five-year sentence for tampering with evidence. Malloy's composite term thus totaled 159 years' imprisonment.

degree murder.[3] The court vacated this parole restriction because it was imposed under AS 12.55.125(a), and the court found that this statute is unconstitutional.[4]

The state petitioned for hearing, challenging the court of appeals's decision declaring AS 12.55.125(a) unconstitutional. We granted the petition to address that issue.[5]

## III. DISCUSSION

### A. Standard of Review

 Constitutional issues present questions of law, which we review de novo.[6] In ruling on questions of law we "adopt the rule that is most persuasive in light of precedent, reason, and policy."[7]

### B. Statutory Background

Alaska Statutes 12.55.125(a)(1)-(3) lists three aggravating circumstances that trigger a mandatory maximum sentence for first-degree murder.[8] In imposing Malloy's first-degree murder sentence, the superior court found by clear and convincing evidence that Malloy had subjected her murder victim to substantial physical torture, the aggravating circumstance listed in AS 12.55.125(a)(3), which attaches when the sentencing court "finds by clear and convincing evidence that the defendant subjected the murder victim to substantial physical torture." Given this finding, Judge Andrews sentenced Malloy to a ninety-nine-year term of imprisonment for murder, as required under AS 12.55.125(a)(3); under a separate statutory provision—AS 33.16.090(b)—this mandatory sentence barred Malloy from being eligible for discretionary parole: "A prisoner sentenced to a mandatory 99-year term under AS 12.55.125(a) ... is not eligible for discretionary parole during the entire term."[9]

Like the mandatory sentence specified by AS 12.55.125(a)(1)-(3), the maximum discretionary sentence for first-degree murder—also set out in AS 12.55.125(a)—is ninety-nine years;[10] and under AS 12.55.115, a court sentencing a defendant for first-degree murder generally has authority to deny eligibility for discretionary parole, regardless of whether the court finds one of the aggravating circumstances that trigger a mandatory maximum term under AS 12.55.125(a)(1)-(3).[11]

### C. The Court of Appeals's Decision

Upon considering the present case in light of these statutory provisions, the court of

3. *Malloy*, 1 P.3d at 1290.

4. *Id.* at 1288, 1290.

5. *Malloy v. State*, 1 P.3d 1266 (Alaska App.2000), *pet. for hrg. granted*, File No. S–9754 (Alaska, October 3, 2000). Malloy also petitioned for hearing, challenging the court of appeals's decision to affirm her conviction and total term of imprisonment. We denied Malloy's petition for hearing.

6. *Keane v. Local Boundary Comm'n*, 893 P.2d 1239, 1241 (Alaska 1995); *Langdon v. Champion*, 752 P.2d 999, 1001 (Alaska 1988).

7. *Guin v. Ha*, 591 P.2d 1281, 1284 n. 6 (Alaska 1979).

8. AS 12.55.125(a)(1)-(3) provides:
 (a) A defendant convicted of murder in the first degree shall be sentenced to a definite term of imprisonment of at least 20 years but not more than 99 years. A defendant convicted of murder in the first degree shall be sentenced to a mandatory term of imprisonment of 99 years when
 (1) the defendant is convicted of the murder of a uniformed or otherwise clearly identified peace officer, fire fighter, or correctional employee who was engaged in the performance of official duties at the time of the murder; [or]
 (2) the defendant has been previously convicted of
 (A) murder in the first degree under AS 11.41.100 or former AS 11.15.010 or 11.15.020;
 (B) murder in the second degree under AS 11.41.110 or former AS 11.15.030; or
 (C) homicide under the laws of another jurisdiction when the offense of which the defendant was convicted contains elements similar to first degree murder under AS 11.41.100 or second degree murder under AS 11.41.110; [or]
 (3) the court finds by clear and convincing evidence that the defendant subjected the murder victim to substantial physical torture[.]

9. *See Malloy*, 1 P.3d at 1281 (quoting AS 33.16.090(b)).

10. *See* above, footnote 8.

11. AS 12.55.115 provides: "The court may, as part of a sentence of imprisonment, further restrict the eligibility of a prisoner for discretionary parole for a term greater than that required under AS 33.16.090 and 33.16.100."

appeals found that Malloy's sentence was procedurally flawed because AS 12.55.125(a) improperly allowed the sentencing court to find the existence of the aggravating circumstances that subjected Malloy to an increased mandatory maximum sentence.[12] In context, the court ruled, the factors listed in AS 12.55.125(a)(1)-(3) amounted to elements of a separate, more serious class of first-degree murder, and so should have been formally charged and proved beyond a reasonable doubt to the jury.[13]

In reaching this ruling, the court of appeals relied primarily on *Donlun v. State*,[14] a case decided by the Alaska Supreme Court in 1974.[15] *Donlun* involved an offender convicted under Alaska's former burglary statute, which authorized three different maximum burglary sentences: ten years for an ordinary burglary, fifteen years for a burglary committed at night, and twenty years for a burglary in an occupied dwelling.[16] Although Donlun's indictment failed to allege either of the statutorily specified aggravating circumstances, the evidence at trial indicated that he had committed his offense in an occupied dwelling at night. The trial court thus explicitly based Donlun's sentence on the premise that he was subject to a maximum term of twenty years.[17]

Donlun appealed, challenging the superior court's sentencing premise. This court reversed, holding "that where a criminal statute provides for graded or enhanced ranges of punishments for aggravated instances of the proscribed offense, an indictment charging the offense must specify the aggravating facts before the defendant can be exposed to an increased range of punishment."[18] We grounded this conclusion on general principles of fairness and notice, without saying whether it was constitutionally based: "We

believe that if a defendant is to be afforded a fair opportunity to defend against a burglary charge involving aggravated circumstances, such circumstances must be set forth in the indictment ... and proven at trial."[19]

In considering Malloy's appeal, the court of appeals read *Donlun* as stating a rule of law based on the Alaska Constitution.[20] The court construed *Donlun* to mean

that when a statute provides a greater maximum penalty for a crime based on specified aggravating factors, Alaska's guarantees of due process (Article I, Section 7) and of trial by jury (Article I, Section 11) [and also, when a felony is charged, Alaska's guarantee of grand jury indictment (Article I, Section 8) ] require us to treat the statute as creating separate offenses, and to treat the aggravating factors as elements of the aggravated form of the offense. The defendant will not be subject to the greater maximum penalty unless the charging document specifies the pertinent aggravating factors and the State proves these aggravating factors beyond a reasonable doubt at the defendant's trial.[21]

Applying this interpretation of *Donlun* to the case at hand, the court of appeals concluded that Malloy's parole restriction was invalid because Malloy had not been specifically charged and convicted for inflicting substantial physical torture on her murder victim. The court expressly recognized that Alaska law ordinarily empowers sentencing courts "to restrict a defendant's normal eligibility for parole—or deny it altogether."[22] But it nonetheless reasoned that a mandatory parole restriction imposed under AS 12.55.125(a)(1)-(3) "represents a new, harsher penalty"[23] than the usual "maximum penal-

---

12. *Malloy*, 1 P.3d at 1285, 1288–89.

13. *Id.* at 1288–89.

14. 527 P.2d 472 (Alaska 1974).

15. *Malloy*, 1 P.3d at 1285, 1288–89.

16. *Donlun*, 527 P.2d at 473–74 (describing former AS 11.20.080).

17. *Id.* at 473.

18. *Id.*

19. *Id.* at 474.

20. *Malloy*, 1 P.3d at 1287–89.

21. *Id.* at 1288.

22. *Id.* at 1285 (citing AS 12.55.115).

23. *Id.* at 1285.

ty" for first-degree murder, since the court's earlier case law had defined "maximum penalty" to mean "the [ninety-nine-year] maximum term of imprisonment, whether or not the sentencing judge restricts or denies parole eligibility." [24]

After emphasizing that AS 12.55.125(a) "not only requires sentencing judges to impose the maximum term of imprisonment that might have been imposed under prior law, but . . . also effectively requires sentencing judges to exercise their utmost power . . . to restrict the defendant's parole," the court of appeals found that the challenged statute "establishes a separate maximum penalty for certain offenders convicted of first-degree murder, a penalty that is harsher than the maximum penalty specified for other offenders convicted of this crime." [25] Viewing this finding in light of *Donlun*, the court declared that AS 12.55.125(a) violated Malloy's constitutional rights to an indictment, a jury trial, and a finding of guilt beyond a reasonable doubt on the issue of substantial physical torture.[26] The court thus vacated Malloy's mandatory parole restriction and remanded the case for resentencing.[27]

### D. Analysis

When the court of appeals heard Malloy's case and reached its decision, federal constitutional case law on point was unsettled and offered no clear resolution as to whether Malloy had a right to be formally charged with and convicted of aggravating circumstances such as those specified in AS 12.55.125(a)(3) before being exposed to the mandatory maximum term for first-degree murder.[28] Because of this uncertainty, the court of appeals chose to view *Donlun* as a decision grounded on the Alaska Constitution; the court thus extended to Malloy the state constitutional protections that it found implicit in *Donlun*.[29]

Less than two months after the court of appeals decided *Malloy*, the United States Supreme Court ended the federal law's lingering uncertainty by deciding *Apprendi v. New Jersey*,[30] a landmark case interpreting the Fourteenth Amendment's Due Process Clause to incorporate procedural protections that closely mirror the protections that *Malloy* found embedded in the Alaska Constitution.

Specifically, *Apprendi* holds that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to the jury, and proved beyond a reasonable doubt." [31] Conversely put, *Apprendi* forbids treating as a mere sentencing factor any aggravating circumstance (apart from a prior conviction) that "must exist in order to subject the defendant to a legally prescribed punishment" [32]—or in other words, "any fact which is essential to the punishment to be inflicted." [33]

24. *Id.* (footnote omitted) (citing *Capwell v. State*, 823 P.2d 1250, 1256 (Alaska App.1991)).

25. *Id.* at 1285.

26. *Id.* at 1288, 1290.

27. The court of appeals initially ordered the superior court to enter an amended judgment with the parole restriction deleted. *Malloy*, 1 P.3d at 1290. But after the state filed a petition for rehearing pointing out that the sentencing judge had strongly suggested that she would have imposed the same parole restriction as a matter of discretion under AS 12.55.115 even if AS 12.55.125(a)(3) had not applied, the court amended its mandate to allow the superior court to exercise its discretion on remand with respect to Malloy's eligibility for parole. *Malloy v. State*, 1 P.3d 1266 (Alaska App., 2000) (order on rehearing).

28. *Malloy*, 1 P.3d at 1285–86 (discussing the United States Supreme Court's then two most recent decisions on the issue, *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), and *Jones v. United States*, 526 U.S. 227, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999)).

29. *See id.* at 1287–89.

30. 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

31. *Id.* at 490, 120 S.Ct. 2348.

32. *Id.* at 499, 120 S.Ct. 2348 (Scalia, Justice, concurring).

33. *Id.* at 511, 120 S.Ct. 2348 (Thomas, Justice, concurring) (quoting 1 J. Bishop, *Commentaries on Criminal Law* § 961, pp. 564–65 (5th ed. 1872)).

■ This holding, directly binding on states under the Fourteenth Amendment, lays to rest any controversy over the accuracy of the court of appeals's view that *Donlun* is grounded on constitutional principles. The court of appeals's explanation of *Donlun*'s state constitutional roots accords with *Apprendi*. And as the state now recognizes, *Donlun* accurately presaged *Apprendi*'s holding that aggravating facts must be charged and proved beyond a reasonable doubt to the jury when their existence would allow or require the court to impose a sentence exceeding the maximum otherwise authorized.

But *Apprendi* does not lay to rest the narrower controversy presented here: whether the court of appeals correctly applied *Donlun* to Malloy's situation—that is, whether the court of appeals properly concluded that Malloy's murder sentence—a mandatory maximum sentence imposed under AS 12.55.125(a)(3)—actually exceeds the maximum otherwise authorized.

■ The state correctly points out that, even without relying on the aggravating circumstances spelled out in the mandatory sentencing provision, Judge Andrews could have sentenced Malloy to exactly the same term that she received under AS 12.55.125(a)(3)—ninety-nine years without possibility of parole. Because Judge Andrews had discretion to impose the same sentence in any event, the state asserts that AS 12.55.125(a)(1)-(3) cannot plausibly be construed to mandate any increase in the potential maximum sentence that might otherwise be authorized. Therefore, the state reasons, neither *Donlun* nor *Apprendi* precludes treating the aggravating circumstances listed in paragraphs .125(a)(1)-(3) as ordinary sentencing factors—and similarly, neither case justifies characterizing the mandatory sentencing statute as a substantive law defining a new crime: aggravated first-degree murder. We agree.

As the court of appeals expressly recognized, the usual maximum sentence for first-degree murder is ninety-nine years in prison, and in all such cases "sentencing judges have the authority under AS 12.55.115 to restrict a defendant's normal eligibility for parole"; the court nonetheless ruled that "AS 12.55.125(a) establishes a separate maximum penalty ... that is harsher than the maximum penalty specified for other offenders convicted of [first-degree murder]."[34] The court gave two reasons for holding that AS 12.55.125(a)(3) exposed Malloy to a harsher maximum penalty even though Judge Andrews could have imposed the same sentence without invoking the mandatory sentencing provision: first, AS 12.55.125(a) not only limits the court's discretion but completely "abolishes the range of sentences in favor of a fixed 99–year sentence";[35] second, the mandatory parole restriction that attaches to a mandatory term imposed under AS 12.55.125(a) results in a sentence exceeding the definition that the court of appeals usually applies to the term "maximum sentence." In the court's words:

True, sentencing judges have the authority under AS 12.55.115 to restrict a defendant's normal eligibility for parole— or deny it altogether. But we have previously held that a defendant receives a "maximum sentence" if he or she is sentenced to the maximum term of imprisonment, whether or not the sentencing judge restricts or denies parole eligibility. That is, the mandatory sentencing provision in the first-degree murder statute not only requires sentencing judges to impose the maximum term of imprisonment that might have been imposed under prior law, but it also effectively requires sentencing judges to exercise their utmost power under AS 12.55.115 to restrict the defendant's parole.[36]

But neither of these reasons supports the conclusion that AS 12.55.125(a) increases the usual maximum sentence for first-degree murder in the manner contemplated by *Donlun* and *Apprendi*—that is, by empowering the court to impose a sentence harsher than the harshest sentence otherwise authorized.

---

**34.** *Malloy,* 1 P.3d at 1285.

**35.** *Id.*

**36.** *Id.* (footnote omitted) (citing *Capwell v. State,* 823 P.2d 1250, 1256 (Alaska App.1991)).

The court's first reason—that AS 12.55.125(a) eliminates all sentencing discretion and requires the maximum available sentence—bears no relation to the core concern underlying *Donlun* and *Apprendi:* protecting a defendant from a *higher* sentencing range than otherwise possible. In addressing this concern *Donlun* and *Apprendi* recognize that an increased sentence resulting from a finding of statutory aggravating circumstances is not a harsher maximum sentence than otherwise authorized unless it falls outside the outer limits of the range of sentences that the court could otherwise impose.[37]

■ To be sure, any mandatory sentence that entirely eliminates a judge's sentencing discretion may result in occasional cases where extraordinary circumstances might appear to preclude imposing the mandated sentence without jeopardizing the court's ability to promote Alaska's constitutional sentencing goal of reforming the offender in the particular case at hand.[38] But because this kind of constitutional friction implicates concerns relating to the substantive fairness of a mandatory sentence in particular factual settings, it has little to do with the concerns at issue here, which more narrowly relate to the procedural fairness of "expos[ing] the defendant to a greater punishment than that authorized by the jury's guilty verdict." [39] And as *Donlun* emphasized, "where a statute proscribes a single offense and commits a single range of sentences to the discretion of the sentencing court, aggravating facts warranting sentences in the upper spectrum of the range need not be set forth in the complaint or indictment." [40]

■ Furthermore, a mere possibility of constitutional friction in occasional, extraordinary cases does not justify declaring a statute entirely invalid. And in any event, no realistic danger of any such friction exists in the present case, for Judge Andrews's sentencing comments make it abundantly clear that she firmly believed Malloy's mandatory sentence to be justified and likely would have imposed exactly the same sentence even if AS 12.55.125(a)(3) had not made it mandatory. Hence, the fact that AS 12.55.125(a) left Judge Andrews no choice but to impose the maximum sentence lends no support to the court of appeals's conclusion that the statute exposed Malloy to a sentence "harsher than the maximum penalty specified for other offenders convicted of this crime." [41]

The court of appeals's second reason for concluding that AS 12.55.125(a) exposed Malloy to an increased maximum sentence was that the court had "previously held that a defendant receives a 'maximum sentence' if he or she is sentenced to the maximum term of imprisonment, whether or not the sentencing court judge restricts or denies parole eligibility." [42] But the previous holding referred to in this passage—*Capwell v. State*—stands for the narrow proposition that parole eligibility should be considered irrelevant for purposes of the rule requiring a sentencing judge to make an express "worst-offender" finding before imposing a maximum sentence.[43] Nothing in *Capwell* suggests that the rule in *Donlun* should require courts to deem a non-parole-restricted maximum term of imprisonment to be the "maximum sentence" normally authorized for first-degree murder. Moreover, if *Capwell* did suggest

---

**37.** *See Apprendi,* 530 U.S. at 482, 120 S.Ct. 2348; *Donlun,* 527 P.2d at 474.

**38.** *See* Alaska Const. art. I, § 12:

Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted. Criminal administration shall be based upon the following: the need for protecting the public, community condemnation of the offender, the rights of victims of crimes, restitution from the offender, and the principle of reformation.
*Cf. Dancer v. State,* 715 P.2d 1174, 1177–79 (Alaska App.1986) (discussing the three-judge sentencing panel's safety-valve function in the

context of a due process challenge to Alaska's presumptive sentencing system).

**39.** *Apprendi,* 530 U.S. at 494, 120 S.Ct. 2348.

**40.** *Donlun,* 527 P.2d at 474; *cf. McMillan v. Pennsylvania,* 477 U.S. 79, 106 S.Ct. 2411, 91 L.Ed.2d 67 (1986) (upholding Pennsylvania's Mandatory Minimum Sentencing Act).

**41.** *Malloy,* 1 P.3d at 1285.

**42.** *Id.* (footnote omitted).

**43.** 823 P.2d 1250, 1256 (Alaska App.1991), *cited in Malloy,* 1 P.3d at 1285 n. 47.

this conclusion, then logically *Capwell*'s definition of "maximum sentence" would apply to both parts of the *Donlun* analysis: For if parole is transparent when we decide what "maximum sentence" attaches for murder without AS 12.55.125(a)(1)-(3), why is it not just as transparent when we decide if a mandatory "maximum sentence" under that statute is harsher? [44]

In reality, of course, a parole-restricted term of ninety-nine years is undeniably harsher than a ninety-nine-year term that does not restrict a defendant's eligibility for discretionary parole. To apply *Capwell*'s narrow definition of "maximum sentence" in the *Donlun* context would thus place form over substance. Both *Donlun* and *Apprendi* preclude this result: they require us to compare the harshest sentence actually available before a finding of aggravating circumstances under AS 12.55.125(a) with the actual harshness of the sentence that is mandated by such a finding: "[T]he relevant inquiry is one not of form, but of effect—does the required finding expose the defendant to a greater punishment than that authorized by the jury's guilty verdict?" [45]

Because the actual effect of a mandatory parole restriction imposed under AS 33.16.090(b) is identical to that of a parole restriction imposed at the sentencing court's option under AS 12.55.115, and because the optional restriction is independently authorized, it is immaterial that *Capwell* would call a ninety-nine-year non-parole-restricted murder sentence a "maximum sentence" in a different sentencing context.

We hold, then, that the court of appeals incorrectly applied *Donlun* to Malloy's situation. The mandatory sentencing provisions of AS 12.55.125(a)(1)-(3) did not subject Malloy to a greater maximum penalty than was otherwise authorized.

Malloy nonetheless urges us to expand *Donlun* beyond its literal terms and beyond its meaning as interpreted by the court of appeals. Citing Oregon and Hawaii case law,[46] Malloy advocates a state constitutional rule that would require the prosecution to charge and submit to the jury any aggravating factor that is "intrinsic" to the commission of the charged offense and has the effect of narrowing the sentencing court's range of discretion in any way that disfavors the defendant. Under this approach, for example, Oregon has construed its state constitution to prohibit a mandatory minimum sentence triggered by intrinsic circumstances not specifically charged and addressed by the jury.[47]

But this approach has been considered by the United States Supreme Court and rejected under the federal constitution.[48] It also conflicts with Alaska cases that deal with minimum and presumptive sentencing.[49]

---

**44.** Alternatively stated, if AS 12.55.115's general conferral of power to deny parole eligibility in all first-degree murder cases does not authorize a "maximum sentence" exceeding a non-parole-restricted term of ninety-nine years, then, similarly, AS 33.16.090(b)'s specific directive to restrict parole for sentences imposed under AS 12.55.125(a) seemingly would not cause those mandatory sentences to exceed the otherwise authorized "maximum sentence."

**45.** *Apprendi*, 530 U.S. at 494, 120 S.Ct. 2348.

**46.** *See State v. Janto*, 92 Hawai'i 19, 986 P.2d 306, 320 (1999); *State v. Tafoya*, 91 Hawai'i 261, 982 P.2d 890 (1999); *State v. Wedge*, 293 Or. 598, 652 P.2d 773 (1982).

**47.** *Wedge*, 652 P.2d at 775, 778; cf. *Tafoya*, 982 P.2d at 902 (stating that "for constitutional purposes, there is no distinction between extended and mandatory minimum enhanced sentencing. Both constrain the discretion of the sentencing judge and fix the term of incarceration imposed … as a result of the conviction.").

**48.** *Apprendi*, 530 U.S. at 482, 120 S.Ct. 2348 (when imposing judgment within the sentencing range prescribed by statute, courts may consider sentencing factors relating both to the offense and the offender); *see also McMillan v. Pennsylvania*, 477 U.S. 79, 106 S.Ct. 2411, 91 L.Ed.2d 67 (1986) (approving mandatory minimum sentencing law).

**49.** Notably, the court of appeals has consistently upheld both presumptive sentencing and mandatory sentencing statutes as constitutionally valid. See, e.g., *Abdulbaqui v. State*, 728 P.2d 1211 (Alaska App.1986) (affirming enhanced presumptive sentence as constitutional); *Dancer v. State*, 715 P.2d 1174, 1177–79 (Alaska App.1986) (upholding Alaska's presumptive sentencing statutes against a due process challenge); *Huf v. State*, 675 P.2d 268, 273 (Alaska App.1984) (holding that a six-year mandatory minimum sentence merely limited the judge's discretion within the penalty range of up to twenty years, when the trial court found that the defendant possessed or used a firearm during the commission of a felo-

The approach finds no support in the text or history of the Alaska Constitution. And it is inconsistent with *Donlun*'s statement reaffirming "that where a statute proscribes a single offense and commits a single range of sentences to the discretion of the sentencing court, aggravating facts warranting sentences in the upper spectrum of the range need not be set forth in the complaint or indictment." [50] For all these reasons, we decline to expand the *Donlun* rule under the Alaska Constitution to prohibit presumptive or mandatory sentencing factors as long as those factors simply guide or limit a sentencing court's discretion within the existing statutory sentencing range for the offense at issue.

## IV. CONCLUSION

Because AS 12.55.125(a) does not violate *Donlun* or *Apprendi*, we VACATE the court of appeals's order remanding this case to the superior court for resentencing and AFFIRM the superior court's sentence as originally imposed.

ny). More notably still, in *Abdulbaqui* the court disapprovingly commented on the approach adopted in *Wedge*, observing that the Oregon decision conflicted with the court of appeals's ruling in *Huf v. State*. 728 P.2d at 1220.

**50.** *Donlun*, 527 P.2d at 474.