STATE of Alaska, Petitioner,

v.

Lawrence AVERY, Respondent.

No. A–9031.

Court of Appeals of Alaska.

March 10, 2006.

---

**6.** *See* AS 11.81.900(b)(62).

Diane L. Wendlandt, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and David W. Márquez, Attorney General, Juneau, for the Petitioner.

David K. Allen, Assistant Public Advocate, Fairbanks, and Joshua P. Fink, Public Advocate, Anchorage, for Respondent.

Before: COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

*OPINION*

COATS, Chief Judge.

In *Blakely v. Washington,*[1] the United States Supreme Court held that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt."[2] Avery, who had been sentenced by Acting Superior Court Judge Jane F. Kauvar before the *Blakely* decision, filed a motion to correct his sentence under Alaska Criminal Rule 35(a), arguing that his sentence was illegal under *Blakely* because Judge Kauvar had found several aggravating factors without submitting those aggravators to a jury. Judge Kauvar concluded that she should review Avery's sentence. The State argued that Judge Kauvar had no authority to review Avery's sentence because all of the aggravating factors that the court had previously found were based upon Avery's prior convictions, and therefore, *Blakely* did not require submission of these aggravating factors to a jury. When Judge Kauvar set a sentencing hearing to review Avery's sentence, the State filed a petition for review in this court. We granted the petition. We now conclude that all of the aggravating factors that applied to Avery's sentence were based upon his prior convictions, and therefore, *Blakely* did not require jury submission.

On appeal, Avery raises a new issue which he did not present in the trial court. Avery argues that this prior conviction exception to *Blakely* relies on questionable authority—*Almendárez-Torres v. United States.*[3] He urges us to anticipate that the Supreme Court will overturn *Almendárez–Torres* and hold that the government must prove any prior conviction that increases a defendant's maximum sentence to a jury beyond a reasonable doubt. In a related argument, Avery argues that, under Alaska law, the aggravating factors in his case, even if they

---

1.  542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).

2.  *United States v. Booker,* 543 U.S. 220, 244, 125 S.Ct. 738, 756, 160 L.Ed.2d 621 (2005).

3.  523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998).

were based upon his prior convictions, were elements of his offense. He argues that the State had to obtain an indictment from a grand jury and prove those aggravating factors to a jury beyond a reasonable doubt. We decline to reach these arguments because they were never presented in the trial court or raised in the petition.

*Factual and procedural background*

Lawrence Avery was convicted of misconduct involving a controlled substance in the fourth degree, a class C felony, for possession of cocaine.[4] Avery was a third-felony offender for purposes of presumptive sentencing and therefore faced a presumptive term of 3 years imprisonment.[5] Under Alaska's pre–2005 presumptive sentencing laws, the State proposed four aggravating factors: (1) AS 12.55.155(c)(7) ("a prior felony conviction considered for the purpose of invoking the presumptive terms of this chapter was of a more serious class of offense than the present offense"); (2) AS 12.55.155(c)(8) ("the defendant's prior criminal history includes conduct involving aggravated or repeated instances of assaultive behavior"); (3) AS 12.55.155(c)(15) ("the defendant has three or more prior felony convictions"); and (4) AS 12.55.155(c)(21) ("the defendant has a criminal history of repeated instances of conduct violative of criminal laws, whether punishable as felonies or misdemeanors, similar in nature to the offense for which the defendant is being sentenced under this section").

Avery did not dispute his prior convictions or the applicable aggravating factors. Judge Kauvar found all four of the aggravating factors and sentenced Avery to the presumptive 3–year term, and based upon the aggravating factors, to an additional 1–year of suspended incarceration. Avery appealed his conviction to this court. We affirmed.[6]

Avery then filed a motion under Criminal Rule 35(a) arguing that *Blakely* made his sentence illegal. In *Blakely,* the Supreme Court held: "Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." [7] Avery argued that, under *Blakely,* which was decided after Judge Kauvar imposed the sentence, the maximum sentence for his crime was 3 years of imprisonment. He argued that Judge Kauvar could not lawfully find the aggravating factors without giving him the opportunity to contest those aggravating factors in a jury trial. In opposition, the State raised several arguments that Avery's sentence was not illegal under *Blakely.*

Judge Kauvar concluded that, because at least some of Avery's aggravating factors were based upon his prior convictions, she had the authority to impose an enhanced sentence under *Blakely.* But she concluded that she should conduct another sentencing hearing and evaluate whether, given the *Blakely* decision, she should impose the same sentence.

The State filed a motion for reconsideration, which Judge Kauvar denied. The State then filed a petition for review with this court, requesting a stay of the resentencing hearing pending resolution of the petition. In its petition, the State contended that *Blakely* did not make Avery's sentence illegal. Therefore, the State argued that Judge Kauvar had no authority to modify Avery's sentence.

We granted the petition and ordered briefing. We now conclude that all of the aggravating factors that Judge Kauvar found were based only upon Avery's prior convictions, and there were no factual issues that *Blakely* would require a jury to determine. Therefore, Avery's sentence was not illegal under *Blakely* for Criminal Rule 35 purposes and Judge Kauvar lacked authority to modify his sentence.

---

**4.** AS 11.71.040(a).

**5.** AS 12.55.125(e)(3).

**6.** *Avery v. State,* Alaska App. Memorandum Opinion and Judgment No. 4906 (Aug. 11, 2004), 2004 WL 1782553.

**7.** *Booker,* 543 U.S. at 244, 125 S.Ct. at 756.

*All of the aggravating factors were properly based on Avery's prior convictions*

■ In *Milligrock v. State*,[8] we stated:

Blakely expressly exempts a defendant's prior convictions from the requirement of jury trial. That is, when a defendant's prior conviction is the fact that authorizes a sentencing judge to exceed an otherwise applicable sentencing limit, the sentencing judge can rely on that prior conviction despite the normal *Blakely* requirement of a jury trial.[9]

Avery appears to concede that, under our prior decisions, he was not entitled to a jury trial on any of the aggravating factors because those aggravating factors were based upon his prior convictions.[10]

We agree with Avery's concession. The first aggravating factor that Judge Kauvar found was that "a prior felony conviction considered for purposes of invoking the presumptive terms of this chapter was of a more serious class of offense than the present offense." [11] We previously addressed this aggravating factor in *Milligrock*. We stated:

Aggravator (c)(7)—that one of the defendant's prior felonies is of a more serious class than the defendant's current offense—is expressly based on a defendant's prior convictions. Assuming that there is no dispute as to the existence of those prior felony convictions, this aggravator presents no problem under *Blakely*.[12]

In the present case, Avery faced sentencing for a class C felony. It is uncontested that Avery had a prior conviction for a class B felony offense. The aggravator was therefore clearly established, and under *Blakely*, Avery was not entitled to a jury trial.

The next aggravating factor in question was that Avery had a history of aggravated or repeated instances of assaultive behavior. Avery concedes that, in *Milligrock*, we concluded that where the defendant has two or more convictions for assault, this aggravator

has been established.[13] It is uncontested that Avery had four prior convictions for assault. The aggravator was established based only upon Avery's prior convictions. Therefore, Judge Kauvar did not violate *Blakely* in finding this aggravating factor without submitting it to the jury.

We next turn to aggravator (c)(15) (the defendant has three or more prior felony convictions). It is uncontested that Avery had three or more prior felony convictions. In order to find this aggravating factor, all Judge Kauvar had to do was count the prior felonies. There was no question for the jury to decide under *Blakely*. We accordingly conclude that this aggravating factor was clearly established and that Judge Kauvar did not violate *Blakely* in finding the aggravating factor without submitting it to the jury.

We turn next to the fourth aggravating factor, AS 12.55.155(c)(21)—that Avery had a history of repeated instances of criminal conduct similar in nature to his present offense. This aggravator poses a potential *Blakely* problem because it does not necessarily require proof that the prior instances of criminal conduct led to convictions. And even when proof of this aggravator is based on prior convictions, there might conceivably be a factual dispute as to whether the conviction represented conduct similar in nature to the defendant's present offense (as opposed to a legal dispute as to whether given conduct was sufficiently "similar" for purposes of this aggravator).

In *Milligrock*, we pointed out a similar problem with respect to aggravator (c)(8)— that a defendant has a history of repeated instances of assaultive behavior. In particular, we pointed out that this aggravator presented a *Blakely* problem to the extent that it might be proved by instances of assaultive behavior that did not result in convictions for

8. 118 P.3d 11, 15 (Alaska App.2005).

9. *Id.* at 15.

10. *Id.; Grohs v. State*, 118 P.3d 1080, 1083 (Alaska App.2005); *Edmonds v. State*, 118 P.3d 17, 20 (Alaska App.2005).

11. AS 12.55.155(c)(7).

12. *Milligrock*, 118 P.3d at 16.

13. *Id.*

assault.[14] But we concluded that proof of this aggravator based on prior convictions for assault does not violate *Blakely*.

In *Grohs v. State*,[15] we directly addressed aggravator (c)(21) (criminal history of similar conduct).[16] We held that, at least when a defendant did not dispute the existence of the prior convictions, "and when the State relied simply on the convictions themselves and the legal elements of those crimes, rather than attempting to introduce evidence of the particular facts underlying the prior convictions" the court could find the aggravator without violating *Blakely*.[17] It is uncontested that Avery had several prior felony convictions for possession and sale of illegal drugs. Therefore, these convictions clearly established aggravator (c)(21), and there was no issue for a jury to resolve.

*Judge Kauvar has no authority to modify Avery's sentence*

■ Criminal Rule 35(a) allows a court to "correct an illegal sentence at any time." But, as our prior analysis demonstrates, there was nothing illegal about Avery's sentence.

Criminal Rule 35(b) authorizes a court to "modify or reduce a sentence within 180 days of the distribution of the written judgment upon a motion made in the original criminal case." Under Criminal Rule 53, a court does have the authority to relax the 180–day deadline if there is a showing of manifest injustice.[18] But a court may not relax the 180–day period by more than 10 days.[19] We have strictly enforced the time limit provided in Criminal Rule 35(b).[20] Avery did not file his motion for relief under Criminal Rule 35(b), and even if he had, it is uncontested that this motion would have been untimely.

We conclude that Judge Kauvar has no authority to modify Avery's sentence. We therefore vacate Judge Kauvar's order set-ting a sentencing hearing to review Avery's sentence.

*We do not decide the issues that Avery did not raise either in the trial court or in his reply to the State's petition*

■ The parties raised an issue in this court that they did not present in the trial court. Avery contends that *Almendárez–Torres*, which allows a defendant's prior convictions to be proven to the court without a jury finding, is questionable authority. He urges us to anticipate that the Supreme Court will conclude that *Almendárez–Torres* was incorrectly decided and will hold that the government must prove to a jury beyond a reasonable doubt any prior conviction that increases a defendant's maximum sentence.

In a related argument, which he first raises in his opening brief, Avery argues that, under Alaska law, the four aggravating factors in this case were elements of his offense, and therefore, the State had to obtain an indictment from a grand jury and prove these aggravating factors to a jury beyond a reasonable doubt. These issues were never presented to the trial court or raised in the petition for review that this court granted. We accordingly decline to address these issues.

The order setting a resentencing hearing is REVERSED.

COATS, Chief Judge, concurs.

COATS, Chief Judge, concurring.

My colleagues decline to address the arguments that Avery raises for the first time in this court. But the State briefed these arguments and has not contested whether Avery could first raise them in his opposition to the State's petition. The *Blakely* decision, by essentially throwing out many of the sentencing provisions in the prior code, has raised

14. *Id.*

15. 118 P.3d 1080 (Alaska App.2005).

16. *Id.* at 1083–84.

17. *Id.* at 1084 (citation omitted).

18. *See* Alaska Crim. R. 53; *Thomas v. State,* 566 P.2d 630, 638–39 (Alaska 1977).

19. Alaska Crim. R. 35(g).

20. *See, e.g., State v. Couch,* 991 P.2d 1286, 1287–88 (Alaska App.1999); *State v. Tinsley,* 928 P.2d 1220, 1223 (Alaska App.1996).

many legal issues. I think we should strive to resolve those issues as promptly as we can. The only reason to delay, that I can see, is the hope that we will be older and wiser in the future. My experience is that while the former is easy to accomplish, the latter has proven to be far more elusive. I would therefore resolve those issues.

The *Blakely* decision expressly exempts a defendant's prior convictions from facts that had to be proven to a jury beyond a reasonable doubt in order to increase a defendant's maximum sentence.[1] Avery attacks the underpinnings of the prior conviction exception. He points out that the exception for prior convictions in *Blakely* relies on the United States Supreme Court's holding in *Almendárez–Torres*.[2] Avery notes that *Almendárez–Torres* was a five-to-four decision over a strong dissent by Justices Scalia, Stevens, Souter, and Ginsburg.[3] And recently in *Shepard v. United States*,[4] Justice Thomas, who was a member of the *Almendárez–Torres* majority, suggested that *Almendárez–Torres* "has been eroded by this court's subsequent Sixth Amendment jurisprudence, and a majority of the court now recognizes that *Almendárez–Torres* was wrongly decided."[5] In addition, in *Apprendi v. New Jersey*, the Supreme Court questioned the validity of its *Almendárez–Torres* decision, but declined to address it because *Apprendi* did not contest that holding:

Even though it is arguable that *Almendárez–Torres* was incorrectly decided, and that a logical application of our reasoning today should apply if the recidivist issue were contested, Apprendi does not contest the decisions's validity and we need not revisit it for purposes of our decision today to treat the case as a narrow exception to the general rule we recalled at the outset.[6]

Based upon this history, Avery argues that a majority of the justices on the Supreme Court have disavowed the *Almendárez–Torres* case, which permits the government to prove to the court a defendant's prior convictions to enhance his sentence. He concludes that the Supreme Court will eventually overrule *Almendárez–Torres* and require the government to prove a defendant's prior convictions to a jury beyond a reasonable doubt. He urges us to anticipate the Supreme Court's ruling.

A number of courts have addressed the argument that Avery raises. They have rejected it. While acknowledging that there are doubts about *Almendárez–Torres's* continuing validity, these courts have universally concluded that they must apply the Supreme Court's precedent as it exists, rather than trying to anticipate what the Supreme Court might do in the future.[7] I conclude that we should follow those decisions.

1. *Blakely*, 542 U.S. at 301, 124 S.Ct. at 2536 (citing *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000)).

2. *Almendárez–Torres*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998).

3. 523 U.S. at 248–71, 118 S.Ct. at 1233–44.

4. 544 U.S. 13, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005).

5. *Shepard*, 544 U.S. at ——, 125 S.Ct. at 1264 (Thomas, J., concurring).

6. *Apprendi*, 530 U.S. at 489–90, 120 S.Ct. at 2362 (footnote omitted).

7. *See United States v. Rodriguez–Montelongo*, 263 F.3d 429, 434 (5th Cir.2001) (noting that although *Apprendi* cast serious doubt on *Almendárez–Torres's* validity, the Supreme Court did not overrule it and it is for the Court of Appeals "to apply the law as it exists and for the Supreme Court to overrule its precedent if it so chooses.

'[I]f a precedent of this Court has direct application in a case, yet appears to rest on reasons rejected in some other line of decisions, the Court of Appeals should follow the case which directly controls, leaving to [the Supreme Court] the prerogative of overruling its own decisions.' ") (citations omitted); *United States v. Davis*, 260 F.3d 965, 969 (8th Cir.2001) (addressing the continuing viability of *Almendárez–Torres*, the court applied the prior conviction exemption and determining that "[i]t is our role to apply Supreme Court precedent as it stands, and not as it may develop."); *United States v. Losoya–Mancias*, 332 F.Supp.2d 1261, 1265 (D.N.D.2004) (recognizing that both *Apprendi* and *Blakely* question the soundness of *Almendárez–Torres*, but finding that *Almendárez–Torres* prior conviction exception is still the law of the land until the Supreme Court chooses to overrule it); *United States v. Gebele*, 117 F.Supp.2d 540, 548–49 (W.D.Va.2000) (holding that because *Almendárez–Torres* has not been overruled, the fact that a majority of the court expresses doubt as to its validity does not affect its status as controlling

In a related argument, Avery argues that, under Alaska law, the aggravating factors were elements of his offense. Therefore, the State had to obtain an indictment from a grand jury and prove these aggravating factors to a jury beyond a reasonable doubt. Avery mainly relies on *Donlun v. State.*[8]

Donlun was charged in an indictment with burglary.[9] But the statute under which Donlun was charged provided for a sentence of 1 to 10 years for burglary in a dwelling, 1 to 15 years if the burglary occurred at night, and 1 to 20 years if the dwelling was occupied at the time of the burglary.[10] Donlun was convicted of burglary and sentenced to 10 years with 4 years suspended.[11] In sentencing Donlun, the court considered the facts that, when Donlun committed the burglary the dwelling was occupied and the offense occurred at night.[12]

The Alaska Supreme Court held that the facts that the burglary occurred during the nighttime and that the dwelling was occupied were elements of the offense. Therefore, in order to sentence Donlun to the higher penalties for burglary based upon these facts, the State needed to have a grand jury indict based upon these facts and prove them to a jury beyond a reasonable doubt.[13] The court recognized that Donlun had received a sentence of less than 10 years for his offense. But the court concluded that the trial court should resentence Donlun with the recognition that the maximum sentence for his offense was not 20 years but 10.[14] The court remanded for resentencing.

The Alaska Supreme Court extensively discussed *Donlun* in *State v. Malloy.*[15] But the supreme court pointed out that, in *Donlun*, the facts that the defendant committed the crime during the nighttime and in an occupied dwelling were elements of the burglary offense. The supreme court specifically stated that it declined "to expand the *Donlun* rule under the Alaska Constitution to prohibit presumptive or mandatory sentencing factors as long as those factors simply guide or limit a sentencing court's discretion within the existing statutory sentencing range for the offense at issue."[16] Therefore, the supreme court suggested that *Donlun* did not apply to prohibit presumptive sentencing. I accordingly conclude that there is no merit to Avery's argument that Alaska law precluded the State from proving the aggravating factors because the State did not present these aggravating factors to a grand jury or trial jury.

law, and therefore the court cannot simply ignore the rule therein by simply " 'counting Justices' or by speculating about what the Supreme Court might do in the future"); *People v. Rivera,* 5 N.Y.3d 61, 800 N.Y.S.2d 51, 833 N.E.2d 194, 198 (2005) (noting that the prior conviction exception has been repeatedly reaffirmed by the Supreme Court, and "[a]lthough a majority of the present Justices of the Supreme Court have expressed disagreement with *Almendárez–Torres,* we recognize that Court's obvious prerogative to overrule its own decisions and we therefore follow *Almendárez–Torres* until the Supreme Court rules otherwise.") (citations omitted).

8. 527 P.2d 472 (Alaska 1974).

9. *Id.* at 474.

10. *Id.*

11. *Id.* at 473.

12. *Id.*

13. *Id.* at 474.

14. *Id.*

15. 46 P.3d 949, 953–56 (Alaska 2002).

